JAMES B. DONALDSON, Respondent, v. MORGAN WILLIAMS, Appellant.

1. *Ejectment — Deeds, loss of — Equity.* — Plaintiff may sue directly in eject-ment for the possession of property, although his suit is based upon lost instruments. He need not in the first instance resort to a bill in equity to prove the making and loss of the deeds.

*Appeal from Macon Circuit Court.*

*Barrow & Carr,* for appellant.

This being an ordinary action of ejectment, the plaintiff must, to entitle him to recover, be clothed with legal title, and an equi-table title is not sufficient to sustain a recovery against defend-ant in possession. (Robinson v. Campbell, 3 Wheat. 212; Fenn v. Holme, 21 How. 481; Hickey v. Stewart, 3 How. 750; Agri-cultural Bank v. Rice, 4 How. 225; Carson v. Boudinot, 2 Wash. C. Ct. 33; Jackson v. Demont, 9 Johns. 55; Wright v. Douglass, 3 Barb. 554; Carroll v. Norwood Heirs, 5 H. & Johns. 164.) There was no deed or other legal written evidence read, showing title in plaintiff; hence the court should not have given this instruction for plaintiff, nor should it have found for plaintiff on the evidence given by him. He should have first brought his suit in equity to set up his deed and set aside defend-ant's, and then bring his ejectment.

*T. A. Jones,* for respondent.

The action of ejectment was the proper remedy, and the peti-tion contained all the requirements of the statute. (Wagn. Stat. 558; Peyton v. Rose, 41 Mo. 257; 43 Mo. 139, 301; Gott v. Powell, 41 Mo. 416.)

BLISS, Judge, delivered the opinion of the court.

In an action to recover possession of two village lots, the plain-tiff offers evidence tending to show that two ordinary convey-ances were made and delivered to him duly executed, one by a Mr. Bruner, and one by a Mr. Donaldson; that he sent the same by John J. Shelton to the recorder's office for record, but they

were not recorded, and he has never seen them since. Defendant offers evidence tending to show that said Shelton bought the lots of the plaintiff, and that the said deeds were executed in blank, and were delivered by the plaintiff to him to be filled in; that Shelton sold them to defendant and inserted his name as the grantee in the deeds.

The witnesses contradicted each other, and the contradiction was too direct to be the result of mistake or misunderstanding. The facts, however, were submitted to the court, and the judge evidently discredited the testimony of defendant's witnesses; whether justly or not, it is not our province to say. We can only inquire whether it mistook the law as applied to the case.

The court held, as matter of law, that if the deeds upon which the plaintiff relies were executed without any grantee, or if the plaintiff was grantee, and he, upon a sale of the premises, authorized his name to be erased and that of the defendant to be supplied, he cannot recover. Of this the defendant does not complain. But the court refused to declare, at defendant's instance, that before the plaintiff could recover upon his lost deeds, the defendant's apparent titles being regular, he should first establish his deed and its loss under a bill in equity; that defendant's deed would hold until set aside by a special order. Such declaration, had it been made, would have been erroneous, for it would cut off the right of showing a superior title through a lost or stolen instrument.

No question of notice was raised, and the existence of the original instruments was not in fact disputed, only their character; the plaintiff claiming them to have been regular when executed, and afterwards fraudulently altered against his will. If this was so, they gave him a perfect legal title, and the fact that they were afterwards tampered with did not divest him of that title.

I have examined all the declarations of law given and refused, and find the defendant justly dealt with in the law of the case; and if he suffered at all, it is from a mistaken view of the facts.

The other judges concurring, the judgment will be affirmed.