| | |
|---|---|
| 82 | 13 |
| 99 | 526 |
| 82 | 13 |
| 38a | 657 |
| 82 | 13 |
| 39a | 297 |
| 82 | 13 |
| 108 | 47 |
| 82 | 13 |
| 121 | 41 |

---

FULKERSON *et al.*, *Appellants*, v. MITCHELL *et al.*

1. **Practice, Civil**: PLEADING: EVIDENCE. A party cannot complain of the refusal of the trial court to strike out defenses contained in the answer, where the latter also contains a general denial, and evidence as to such defenses is admissible thereunder.

2. **Ejectment**: STATUTE OF LIMITATIONS. The statute of limitations not only bars plaintiffs' recovery in an action of ejectment, but it also confers title on the occupant, which he may show under a general denial.

3.  **Practice in Supreme Court:** FINDING OF FACTS BY TRIAL COURT. The Supreme Court will not, in ejectment, disturb the finding of the trial court as to the fact of the execution and delivery of an alleged lost deed, where the evidence is conflicting and contradictory, and tends to prove both sides of the issue, unless the finding is caused by some error or misdirection of law.

*Appeal from Johnson Circuit Court.*—HON. A. W. ROGERS, Special Judge.

AFFIRMED.

S. P. Sparks for appellants.

The decision of the court is in conflict with the case of *Swartz v. Chappell,* 19 Mo. 304. The court should have sustained plaintiffs' motion to strike out parts of the answer. This court cannot assume that the refusal of the court to sustain the motion to strike out was harmless error. *Yelverton v. State,* 40 Mich. 540; *Holmes v. Doane,* 9 Cush. 135; *Gill v. Read,* 5 R. I. 343; *Wiseman v. McNally,* 25 Cal. 234; *Boyden v. Moon,* 5 Mass. 365; *Kenyon v. Rastall,* 4 T. R. 753; *Penn. v. Zebee,* 23 Pa. 323; *Calcraft v. Gibbs,* 5 T. R. 19; *Geer v. Archer,* 2 Barb. 420.

John F. Philips with John J. Cockrell for respondents.

The court properly refused the third instruction asked by plaintiffs, it was unnecessarily cumulative. *Miller v. Tilman,* 61 Mo. 316; *Martin v. Smylee,* 55 Mo. 577; *State v. Miller,* 67 Mo. 604. It was also erroneous in being limited to a partial view of the facts and acts in evidence. *Himes v. McKinney,* 3 Mo. 382; *I. M. Bank v. Murdock,* 62 Mo. 70. From 1857 to 1870 the facts and acts in proof would authorize a jury to find an adverse possession in Cockrell. *Ewing v. Burnett,* 11 Pet. 52, 53; *Draper v. Shoot,* 25 Mo. 197; *St. Louis Pub. School v. Risley,* 40 Mo. 357; *Wall v. Shindler,* 47 Mo. 283, 284. On the whole record the finding of the court was for the right party, and was just such a conclusion as any court or jury would reach.

RÁY, J.—This is an action of ejectment for the northwest quarter of the southwest quarter of section 10, township 46, range 27 in Johnson county, Missouri. The petition is in the usual form. Suit was brought May 7th, 1878, against defendant, Mitchell, alone. Afterwards Moses Keim, as landlord, on his on motion, was made co-defendant with Mitchell, his tenant.

The substance of the amended answer upon which the case was tried is as follows: 1st, A general denial; 2nd, The statue of limitations; 3rd, It is then charged at length and in detail that J. M. Fulkerson, who is admitted to be the common source of title, in June, 1857, by way of exchange, sold and conveyed the land in controversy by deed in due form to one J. V. Cockrell who at the same time in exchange therefor sold and conveyed to said J. M. Fulkerson the southeast quarter of the northwest quarter of same section, township and range; that in May, 1858 said Cockrell, for a valuable consideration, sold and conveyed the land in suit to one Josiah Keim, who in April, 1865, for like consideration, sold and conveyed the same to the defendant Moses Keim; that all these several deeds were duly recorded, except the deed from J. M. Fulkerson to J. V. Cockrell which together with the house of said Cockrell in 1862, was burnt up and destroyed and never recorded; that at the date of the several deeds the grantees therein respectively took possession of said land, paid the taxes thereon, did various acts of ownership and possession in and upon said land, such as digging ditches, mowing grass, grazing stock, having the same surveyed and establishing its corners, selecting building sites, hauling and depositing rails thereon for fencing the same, and during their several ownerships and possessions, openly, notoriously and continuously claimed and asserted title to the same from the time of the first purchase or exchange down to the present; that said J. M. Fulkerson had notice of all said purchases, of the possession, acts of ownership, claim and assertion of

title of all of said occupants as they severally occurred;. that in May, 1878, the said J. M. Fulkerson, who is the father of the plaintiffs, without any consideration therefor, made to said plaintiffs a voluntary conveyance of said land ; that said plaintiffs are not purchasers for value, are mere volunteers and had notice of all said deeds, purchases, possessions, acts of ownership, claim and assertion of title of all said parties, including the unrecorded deed of their father to said Cockrell, at and before the making and delivery of the deed from their father to them, etc.

The plaintiffs moved to strike out of said answer all that part contained in the third part thereof as above set out for the reasons; 1st, That the matters and things therein stated constitute no other or different defense than that contained in defendants first defense set up; 2nd, That the relief therein asked, the answer shows defendants are not entitled to. This motion was overruled by the court, and plaintiffs excepted. The reply was a general denial of the new matter set up in the answer.

By agreement of parties, the cause was tried before A. W. Rogers, special judge, without a jury. On the trial, as appears by the bill of exceptions, the plaintiffs to sustain the issues on their side offered and read in evidence a deed for said land from their father, J. M. Fulkerson, and wife to them. It was then admitted that J. M. Fulkerson was the common source of title, and the plaintiffs rested. The defendants to sustain the issues on their part thereupon introduced a large mass of evidence consisting of depositions, oral testimony of witnesses, deeds, etc. Of this evidence it is sufficient for the purpose of this case to state that it tended very strongly, we think, to show the execution and delivery of the unrecorded deed for said land from J. M. Fulkerson to said Cockrell, and its probable loss and destruction as charged in the answer. It, also,. tended to show that the deed under which plaintiffs claim the land was a voluntary deed on the part of the father to the sons, and without any consideration paid therefor

by the sons. In deed, the father in his testimony on this point uses this language: "My object in conveying it to plaintiffs was to let them have it. I am getting old and feeble, and I thought they were young and could attend to the suit for recovering it better than myself." This evidence further tends to show various acts of ownership and some acts of possession done upon and about said land by Cockrell and those claiming under him, such as paying the taxes, digging ditches, depositing rails, cutting hay, grazing stock, surveying the same and establishing its corners, as well as claiming and asserting title to the same continuously and openly from the date of the purchase by Cockrell to that of the institution of this suit. This testimony however, discloses the fact that no inclosures or buildings were ever actually placed or built around or upon the land and that no part of it was ever put in cultivation, that no plowing was done thereon, except the furrow or ditch that was plowed or dug along the east side thereof to separate the same from the land of said J. M. Fulkerson.

On the other hand, the plaintiffs in rebuttal introduced a large amount of testimony tending to show that no deed whatever for said land was ever made by J. M. Fulkerson to said Cockrell. This testimony, also, tended to show that said J. M. Fulkerson claimed and asserted title to said land, that he cut grass and grazed stock on the same, and further that said tract of land during all the time was in a wild state and entirely without any actual possession, improvements, fencing, buildings or cultivation of any sort. On most all the material points, the evidence on both sides was contradictory and conflicting. At the close of the testimony the plaintiffs asked the court to declare the law as follows, to-wit:

1. The court declares the law to be that it is admitted by the pleadings and evidence in this case that J. M. Fulkerson, the grantor of plaintiffs, is the common source of title and that so long as such legal title remained in said Fulkerson, such title drew to it the seizin or possession in

law, and although the court may find that one J. V. Cockrell on the 25th day of May, 1858, executed, acknowledged and delivered to defendant's predecessor and grantor, Josiah Keim, a deed for the land in controversy; that the execution and delivery of such deed did not operate to give said Keim the possession of said premises unless the said J. V. Cockrell had the legal title thereto, or was in the actual possession thereof, and that in order to disseize the true owner of said premises it required an entry upon said premises and actual occupation of some part thereof, or the doing acts on and respecting said land with the knowledge of the true owner, hostile to his title and his acquiescence therein.

2.    The court declares the law to be that defense of the statute of limitations is one in derogation of right, and is not to be made out by inference, but only by the strictest proof, and before it can sustain such defense against the action of plaintiffs in this case, it must find that the defendants and those under whom they claim have had and held, not only an open, visible, notorious and adverse possession, but also a continuous possession for the statutory period of ten years at some time before the commencement of plaintiffs' suit, and if the court should find from the evidence that possession relied on by defendants was broken, interrupted and intermitted from the year 1861 to 1865, or for any other definite period, then the court must find that any possession taken subsequent to such interruption was a new and distinct possession, and cannot be tacked to any possession prior to such interruption, in making out the requisite period of ten years, and if the adverse possession at the time of such break or interruption had not ripened into a title, it was at an end, and a subsequent possession must be in itself for the full statutory period, or the court will find that there is no title in defendants, or right to possession in them, and plaintiffs must prevail.

3.    Although the court may believe from the evidence in the case that the defendants, and those under whom

they claim title by adverse possession, may have gone on and over the premises in controversy, and claimed to own the land and selected a site on which to build a house, and paid taxes for several years, and asserted such claim continuously for a period of ten years adversely to all the world, yet if the court should find that there was no actual or visible possession of such premises during the assertions of such possession, and title in themselves, then the court will find for plaintiffs as to such defense of the statute of limitations, unless the court should believe and find from the evidence that the plaintiffs, or their grantor, had actual knowledge of such claim of title and acts of ownership by the defendants and their grantors, and acquiesced in the same.

The court gave the first and second of said instructions and refused the third, and the plaintiffs excepted.

The defendants asked the following instructions, to-wit:

1. If the court hearing this cause believes from the evidence that James M. Fulkerson, the grantor of plaintiffs, in 1857 or 1858, agreed with J. V. Cockrell to exchange the northwest quarter of the southwest quarter of section 10, township 46, range 27, for the southeast quarter of the northwest quarter, same section, township and range, owned by said Cockrell; and that said Cockrell thereupon made and delivered to James M. Fulkerson a deed for the said southeast quarter of the northwest quarter, in consideration that James M. Fulkerson would convey to him the said northwest quarter of the southwest quarter, and that James M. Fulkerson thereupon made and delivered to said Cockrell a deed therefor, and that defendants claim title and hold possession under said Cockrell, the plaintiffs cannot recover. And in determining the question as to whether such deed was made by James M. Fulkerson to said Cockrell, the court will take into consideration all the facts and circumstances in evidence, and the subsequent conduct and admissions, if any, of James M. Fulkerson.

2.   Even should the court find the issues for the plaint-
iffs, as presented in the foregoing instructions, yet if the
court further finds from the evidence, that for ten years
next before the institution of this suit by plaintiffs, to-wit,
the 7th day of May, 1878, the defendant, Mitchell, and
those under whom he claims, had been in the uninterrupted,
notorious, open and adverse possession of the land in con-
troversy, under claim of title in fee, then the court will
find the issues for the defendants.

Which instructions the court gave, and plaintiffs ex-
cepted.

Whereupon, as the record shows, the court having
heard the arguments and being fully satisfied as to the mat-
ters in controversy, finds the issues for the defendants and
renders judgment accordingly.   The plaintiffs thereupon,
after an unsuccessful motion for a new trial, bring the case
to this court by appeal.   The errors mainly relied on by
plaintiffs for a reversal, in this cause are:   1st, The refusal
of the court to strike out parts of the answer; 2nd, The
refusal of plaintiffs' third instruction; 3rd, The giving
of the first and second instructions for defendants.   Some
exception also is taken to the form and sufficiency of the
findings of the court.   We will notice these objections in
their order.

The ground of the objection to strike out is, that the
matters and things stated constitute no other or different
defense than that contained in their first defense, and con-
tain nothing but the evidence upon which they base their
case.   If that be true, it may have been error not to strike
it out, but by no possibility could the plaintiffs have been
prejudiced thereby, since the facts were equally admissible
in evidence under the general issue, whether the third part
of the answer was in or out.   The same may also be said
of the second defense, or the statute of limitations.   It is
now the well settled law of this state that a defendant in
an action of ejectment need not plead the statute of limit-
ation.   The doctrine now is, that the statute not only bars

plaintiff's recovery, but also confers title upon the occupant, which he may show under the plea of the general issue. *Ridgeway v. Holliday,* 59 Mo. 444; *Barry v. Otto,* 56 Mo. 177; 47 Mo 282; *Nelson v. Brodhack,* 44 Mo. 596; 16 Mo. 166; 53 Mo. 307; 51 Mo. 336; 50 Mo. 407. Under this plea it was competent for the defendant in this cause to prove either the making and delivery of the alleged unrecorded deed from Fulkerson to Cockrell and conveyances thereunder to defendants, as set out in the third part of the answer; or the statute of limitation, set up in the second part of the answer. The proof of either equally showed that the legal title to the land in controversy was in the defendants, and not in the plaintiffs, and, therefore, plaintiffs could not recover. In strictness, therefore, there was really but one issue in this cause and that was, who had the legal title, the plaintiffs or the defendants. This was really the only issue in the cause, and the matters set up in the second and third part of the answer only constituted the evidence by which the defendants proposed to prove that issue. This issue the record shows the court found for defendants. If this issue under a proper instruction and competent evidence was rightfully found for the defendants, of which, we think, there can be no doubt, the findings on other issues not material to the case can afford no just or sufficient cause for a reversal. It is manifest, we think, that if the existence of the unrecorded deed from Fulkerson to Cockrell (which appears to have been the turning point in the case) is proved to the satisfaction of the court, and the court so finds, then the question of the statute of limitation was wholly immaterial, and cuts no figure in the case. If that be so, instructions on that question are equally immaterial and, whether erroneous or not, could not in a case like this possibly prejudice the rights of the plaintiffs, or furnish any sufficient cause to reverse the judgment of the trial court.

It only remains, therefore, to determine the propriety of the first instruction for the defendants and the finding of

the court thereon. It is conceded on all hands, in the court below, as well as here, that the plaintiffs are not purchasers for value, and that the deed from their father under which they claim is a voluntary deed, without the payment of anything therefor. It is further conceded by the appellants that if the existence of the Fulkerson-Cockrell deed is proved to the satisfaction of the court by competent evidence, that ends the case and there can be no cause for a reversal. The only objection urged to the first instruction for defendants is as to the latter clause thereof. The remainder of the instruction plaintiffs concede to be correct, but insist that it is erroneous in that part where it is stated, that in determining the question whether appellants' grantor, J. M. Fulkerson, had executed the deed to Cockrell, the court should take into consideration all the facts and circumstances in evidence with subsequent conduct and admissions, if any, of J. M. Fulkerson. We see no possible objection to this part of the instruction under the facts and circumstances in this record. The subsequent conduct and admissions of Fulkerson to witness Snow, as well as other facts and circumstances in evidence tend strongly, if not conclusively, to prove that Fulkerson made and delivered the deed in question to Cockrell. Indeed when inquired of by Snow for this missing deed, Fulkerson told Snow that he had no claim to the land, that there was a ditch dividing his land from the Keim land; that he had sold the land to Cockrell and did not lay any claim to it. Cockrell in his testimony expressly testifies to the making and delivery of the deed in question. This, however, is expressly denied by Fulkerson in his testimony, but we think the weight of evidence greatly preponderates in favor of Cockrell's statement. But whether this be so or not, the settled practice of this court is in cases like this, when there is conflicting and contradictory evidence tending to prove both sides, not to disturb the finding of the trial court, unless that finding is brought about by some error or misdirection of the court. *Grove v. City of Kansas,* 75 Mo.

672; *Hamilton v. Berry*, 74 Mo. 176; *Meyer v. McCabe*, 73 Mo. 236.

As no error appears in the record, the judgment of the circuit court is affirmed. All concur, except NORTON, J., who dissents.