# Torrent Fire Engine Co. No. 5 v. City of Mobile.

*Bill in Equity to establish Title, and to remove Cloud from Title.*

1. *Bill to re-establish a lost deed; insufficient averments.*—A bill filed to re-establish a lost deed, which, without verification, merely states that complainant caused the lot to be bought and paid for, that the legal title was conveyed, that the deed was not recorded, but, after delivery, was lost or destroyed in some way, unknown to complainant, but fails to show how, when or by whom it was lost, what it contained, what title or interest it conveyed, or what consideration, and by whom paid, contains insufficient averments to warrant the relief prayed for, and is demurrable.

2. *Cloud on title; adverse possession.*—When, on a bill filed to remove a cloud from title, adverse possession in the complainant is relied on as a ground for the relief prayed, the bill is not demurrable, on the ground of the want of jurisdiction in a court of equity to grant the relief prayed for, since in an action of ejectment brought by the adverse party, the right of the complainant could only be effectuated by extraneous evidence.

3. *Same; bill to quiet title.*—One who has acquired title by adverse possession, can not be guilty of *laches* in instituting a suit to quiet his title and to remove as a cloud the title of another, who disputes the complainant's title acquired by adverse possession.

4. *Bill filed by corporation; failure to aver a right to acquire property.* A bill filed by a corporation to quiet its title and to remove a cloud therefrom is not demurrable because it fails to aver that the complainant corporation had the power under its charter to acquire and hold the lot; in the absence of proof to the contrary, the corporation will be presumed to have had such power.

APPEAL from the Chancery Court of Mobile.

Heard before the Hon. W. H. TAYLOE.

The bill in this case was filed by the appellant, the Torrent Fire Engine Company, Number 5, against the appellee, the city of Mobile; and sought to have the title of the complainant to a certain lot in the city of Mobile established, and the title of the city of Mobile, as it appears on the records, divested out of said city, and removed as a cloud on complainant's title.

The bill alleged, in substance, that the complainant was a fire extinguishing corporation, and that as said corporation owned a fire engine and other apparatus, and, determining to buy a lot, upon which to build a house, it purchased from the defendant the lot now in controversy, and erected a building thereon, which was used as an engine house; that this purchase was made in 1850; that the complainant took possession thereof at once, and from that time up to the filing of the bill, July 30, 1892, it had been in the exclusive, open, notorious, continuous and undisturbed, adverse possession of said property, using and claiming the same openly, notoriously, and continuously as its own property, against all the world; that about a year before the filing of the bill it undertook to sell the said property, and complainant discovered, for the first time, that the title to said property was still upon the records in the name of the city of Mobile; that upon the request of the complainant the city of Mobile declined to execute a quitclaim deed to the purchaser, and has since that time, set up a claim to some interest in the said property. The bill contains the further allegations that the complainant can not find any deed to it from the city of Mobile, but it charges that the legal title to said property was, in fact, conveyed to it by the said city, and the deed conveying the same, was not recorded, and had, in some manner unknown to the complainant, been lost or destroyed. By amendment it was further alleged that if the complainant was mistaken in the allegations of the original bill, and that the property was not, in fact, conveyed to it by the city of Mobile, and such conveyance was not recorded, and in some manner was lost or destroyed, still the complainant had a legal title to said property by adverse possession, which was shown by the allegations of the original bill—having been in adverse possession thereof for 40 years. The relief in its double aspect, as prayed for in the bill, is sufficiently stated in the opinion.

The defendant interposed several demurrers to the bill, among which were, that the simple averments of the bill that the deed executed by the defendant to the complainant had been lost, is not sufficient to give equitable jurisdiction; that the averments of the bill were insufficient to give a court jurisdiction to remove a

cloud on complainant's title; that by the averments of
the bill the complainant is shown to have been guilty of
*laches* in not having heretofore asserted his right in the
premises; and that it is not shown by the averments of
the bill that the complainant had the right to acquire
property. The chancellor sustained the several grounds
of demurrer; and on this appeal by complainant his
decree is assigned as error.

GREGORY L. & H. T. SMITH, for appellant.—The bill
in this case contains equity upon the ground that the
legal title to the property was in the complainant by ad-
verse possession, but rested in parol; and as complain-
ant was in possession, there was no remedy at law
whereby the title could be established and quieted
against the adverse claim of the city of Mobile. The
equity of the bill in this respect is fully decided and
settled by the case of *Echols v. Hubbard,* 90 Ala. 314, 7
So. Rep. 817.

PILLANS, TORREY & HANAW, *contra.*—While the chan-
cery court will decree the reformation or the establish-
ment of a deed in proper cases, the bare allegation that
a deed is lost will not authorize the relief in equity.—1
Story's Eq. Jur., §§ 79–84; *Griffin v. Fries,* 2 So. Rep.
266; s. c. 23 Fla. 173; *Whitfield v. Fausset,* 1 Ves. Sr.
387; *Rodgers v. Cross,* 3 Chand. (Wis.) 36. Courts of
equity will refuse relief in cases where the demand has
become stale by reason of neglect or *laches,* or by reason
of the acquiescence on the part of complainant.—*Nettles
v. Nettles,* 67 Ala. 599; *James v. James,* 55 Ala. 525;
*Greenlees v. Greenlees,* 62 Ala. 330; *Harrison v. Heflin,* 54
Ala. 552; Perry on Trusts, § 869; 1 Pom. Eq., §§
418–419.

HARALSON, J.—The bill in this case is filed in a
double aspect: *First,* on the theory, and on allegations
to support it, that the city of Mobile conveyed to com-
plainant the lot of land referred to in the bill, and that
the deed conveying the same was not recorded, but was,
after the same had been duly executed and delivered, in
some manner unknown to complainant, lost or destroyed;
and on this aspect of the case, complainant seeks relief
on the ground, that the recorded deed of the city from

its grantor, executed in the year 1849, is a cloud on complainant's title, which interferes with its making sale of said lot, which cloud, it seeks to have removed by having its title to the property established and quieted and the property decreed to belong to complainant. *Second*, on the theory, that complainant has the legal title to the property by adverse possession, having, as alleged, been in the exclusive, open, continued, notorious and undisturbed possession and occupation of said property, using and claiming the same openly, notoriously, continuously and adversely against all persons, from 1850, the date of its alleged deed from the city, until the present time, on which ground it seeks relief. The relief sought in each alternative aspect of the case is the same, in that, in each, complainant seeks to have its title established and quieted, and the title vested in the city, by virtue of its deed to the property from its grantor, divested, and said deed removed as a cloud on complainant's title.

1. There can be no question of the authority of a court of chancery to re-establish a deed which has been lost or destroyed by accident; but it seems to be well settled, that the mere loss of a deed is not always ground for coming into a court of equity for relief on account of such loss or destruction, for, if there is no more than that in the case, a court of law may afford just relief; since it will admit evidence of the loss and contents of a conveyance, just as a court of equity will do. So, to enable one to come into equity for relief in case of a lost deed, he must show that there is no remedy at law which is adequate and adapted to the circumstances of his case. "The bill," says Story, "must always lay some ground, besides the mere loss, to justify a prayer for relief, as that the loss obstructs the rights of the plaintiff at law, or leaves him exposed to undue perils in the future assertion," and it might have been added, enjoyment, "of such rights."—1 Story Eq. Jur., § 84; *Lancy v. Randlett*, 80 Me. 169; *Donaldson v. Williams*, 50 Mo. 407; *Griffin v. Fries*, 2 So. Rep. (Fla.) 266; *Cummings v. Coe*, 10 Cal. 29.

The bill in this case was not sworn to, and it fails to show how, when or by whom the deed was lost. It contains no description of the contents of the deed, the title or interest conveyed by it, nor the consideration paid, and by whom paid. It merely states, "that the

legal title to said property was in fact conveyed to it by said city, and that the deed conveying the same was not recorded, and was, after the same was duly executed and delivered, in some manner unknown to complainant, lost or destroyed;'' and that complainant caused said lot to be purchased and paid for. It, therefore, presents insufficient grounds for relief on this phase of the case, and the grounds of demurrer interposed, questioning relief based on this theory, were properly sustained.—1 Story. Eq. Jur., §§ 82, 88; *Hoddy v. Hoard*, 12 Ind. 474, s. c. 54 Am. Dec 4. 6; Cooper's Eq. Pl., 125, 126.

2. Of the second alternative, on which the bill seeks to proceed, it may be said, that ''A court of equity will not interpose to prevent or remove a cloud which can only be shown to be *prima facie* a good title, by leaving the plaintiff's title entirely out of view. It is always assumed, when the court interferes, that the title of the party complaining is affected by a hostile title, *apparently* good, but really defective and inequitable by something not appearing on its face.''—*Rea v. Longstreet*, 54 Ala. 294; *Lytle v. Sandefur*, 93 Ala. 399, 9 So. Rep. 260. The test, as we have heretofore laid it down, is : ''Would the owner of the property, in an action of ejectment brought by the adverse party, founded upon the deed, be required to offer evidence to defeat a recovery? If such proof would be necessary, the cloud would exist. If the proof would be unnecessary, no shade would be cast by the presence of the deed.'' In this case, if complainant were sued by the city for this land in an action of ejectment, founded on the deed from its grantor, it, complainant, would necessarily have to introduce oral proof of its adverse possession to defeat a recovery.

We have accordingly held, that when adverse possession is relied on by a complainant, as a ground for the removal of a cloud on his title, the right of necessity must be effectuated by extraneous evidence, and equity may always be invoked, in the absence of legal remedies, to quiet a title thus resting in parol. The grounds of demurrer which question the insufficiency of the bill, to remove a cloud on complainant's title, should have been overruled, and the bill retained as one for that purpose.—*Echols v. Hubbard*, 90 Ala. 309, 319, 7 So. Rep. 817; *Marston v. Rowe*, 39 Ala. 722; *Arrington v. Liscom*, 34 Cal. 365; *Moody v. Holcomb*, 26 Texas 714.

3  It is objected, on demurrer, that complainant has delayed too long in filing this bill, and is guilty of such *laches* as bar its right of relief. The city has no right founded on its deed, which would enable it to maintain or defeat a suit for the land, as against complainant's plea and proof of adverse possession as set up in the bill. Whom then did the alleged *laches* of complainant injure, and who has any right to complain on that score? If any rights have been lost by *laches*, it has been by the city, in acquiescing so long in complainant's claim. One who has acquired title by adverse holding, can not be said to be guilty of *laches* in not bringing a suit to remove, as a cloud, the title of another, who disputes his title by adverse possession. Long delay on the part of him, who might have dispossessed the adverse holder by suit begun in time, is the very basis of the title of the latter. The lapse of time, which the law allows as a foundation of the title by adverse possession, can not be made the instrument or means for impairing or destroying one's rights and privileges growing out of that title.

4.  The bill was not subject to demurrer on the ground that it does not aver that the complainant corporation had the power, under its charter to acquire and hold land.—*Boulware v. Davis*, 90 Ala. 211, 8 So. Rep. 84; *Ala. Gold. Life Ins. Co: v. Cen. Ag. & M. Asso.*, 54 Ala. 73.

Reversed and remanded.