# Greene, *et al. v.* Boaz, *et. al.*

### *Bill to Remove Cloud Upon Title.*

#### (Decided June 30, 1908. 47 South. 255.)

1. *Pleading; Admissions; Demurrer.*—The facts alleged in a bill are taken as confessed on demurrer and on motion to dismiss for want of equity.

2. *Evidence; Judicial Knowledge.*—The courts take judicial knowledge that title to all 16th sections in Alabama is vested in the state for school purposes by an act of congress, and that the legislature authorized the school commissioners to survey and plat such sections into lots and to sell the same.

3. *Quieting Title; Grounds for Relief.*—The test being whether one in possession would be put to extraneous evidence to defend his title to the land and not whether he would be able to defend it successfully, an onwer in possession may come into equity to remove a cloud on title where there is such evidence of title in another as would make out a prima facie case in ejectment; and it is no answer to such a bill that the owner in possession could defeat an action in ejectment.

4. *Same; Parties.*—If a deed is in fact no more than a cloud upon title no right of dower arises therefrom in favor of the wife of the grantee in a deed against the true owner, and hence the wife of a grantee is not necessary or proper party respondent to a bill to remove a cloud on title cast by such deed on the theory that she has an inchoate right of dower.

APPEAL from Talladega City Court.

Heard before Hon. G. K. MILLER.

Bill by Willie E. Boaz and others against Allen A. Greene and another to remove a cloud on title. Decree for complainants, and defendants appeal. Affirmed.

The case made by the bill is that in 1876 Cody Boaz owned lot No. 8 in the town of Franklin, at Talladega Springs, in the N. E. ¼ of the S. E. ¼ of section 16, township 22, range 2, in Talladega county, Ala., and that from the year 1876 until his death, which occurred in April, 1897, said Cody Boaz was in the open, notorious, and exclusive possession of said lot, claiming it as his own under color of title and right; that since his

death the complainants, who are the children of said Cody Boaz and his heirs at law, he having died intestate, have remained in the open, notorious, and exclusive possession of such lot, claiming it as their own by inheritance from their father. Orators then set up their chain of title, showing deeds to Cody Boaz from one Butts, of date December 15, 1877, filed for record and recorded in the year 1896; a deed to Cody Boaz from Benjamin Averitt, of date November 8, 1876, filed and recorded during the year 1896. It is further alleged that the school commissioners of said section 16 caused said town of Franklin to be surveyed into lots and a fair plat to be made out by the surveyor and recorded, a copy of which plat is attached as an exhibit to the bill, together with the field notes of the survey, and did proceed in accordance with the act of the General Assembly approved January 15, 1828, to sell said lot or a portion thereof, and that said lot No. 8 was sold to one Isaac Hudson. It is further alleged that there is no record of the state ever having made any conveyance of said lot No. 8 to the purchaser at the sale, or of its ever having made any conveyance of the legal title to said lot to any person whomsoever, except as hereinafter stated, and orators do not know and have no means of ascertaining whether or not any such conveyance of the lagal title was made to such purchaser. It is further alleged that one James Keith, Jr., did on January 30, 1901, make an affidavit and present the same to the state land agent at Montgomery, Ala., and did thereby procure a conveyance of the title to said lot No. 8 to Josephine Keith, Addie N. McCaa, and Kate Q. Roberts, from the state of Alabama, on towit, February 1, 1901. Orators charge that the statements contained in said affidavit with regard to lot No. 8 are untrue; but orators are informed and believe that said lot was inadvertently

incorporated in said affidavit and without intent to be so incorporated by the person making the affidavit. It is further alleged that the said McCaa and husband, Keith and husband, and Roberts and husband made and executed a conveyance of said lot N. 8, with other property, to one Allen A. Greene. It is then alleged that as soon as orators were informed or learned of the issu- ance of said patent by the state, and of the deed from the patentees to Greene, they informed said Greene and the patentees of their ownership of said lot No. 8, and that said Greene and the Noble heirs, the patentees above set out, informed orators that they did not claim said lot No. 8, and Greene stated that he would reconvey the lot to orators; but, failing to do so, orators placed the matter in the hands of their attorney, who, on March 20, 1907, wrote to said Keith concerning this matter, and received a reply from A. A. Greene, acknowledging and admitting orator's ownership of lot No. 8, and re- questing their attorney to prepare a quitclaim deed to said lot, which deed was prepared and forwarded to said Greene, but which has never been executed, although Greene admitted his willingness to do so. It is alleged that Onita A. Greene is the wife of said Allen A. Greene. The prayer is that the conveyance from the state to the Noble heirs and from them to Greene be canceled as a cloud on orator's title.

Demurrers were interposed as follows: "Said bill does not state enough facts to give the bill equity. Said bill of complainant is without equity. It appears on the face of said bill of complaint that the deed sought to be set aside as a cloud on complainants title to the prop- erty alleged to be owned by them is not a cloud on their title to the same. It appears that the respondents do not claim to own the property the complainants say be- long to them. It appears that respondents have no claim

on the property which complainants say they own.   The bill shows on  its face that the respondent Onita Greene has and claims no interest in the property complainants claim to own"—and others not necessary to be here set out.   There was also motion to dismiss for want of equity.

TATE & WALKER, for appellant.   The bill is without equity.   The facts stated do not constitute the deeds a cloud on title.—*Parker v. Boutwell,* 119 Ala. 297; *Cofer v. Shening,* 98 Ala. 338; *Bruce v. Bradshaw,* 69 Ala. 360; *Scranton v. Ballard,* 64 Ala. 403; 10 A. & E. Ency of Law, 494; *Florence Co. v. Schall,* 107 Ala. 533.   The wife of Greene was a necessary party.—*Kelly v. Mc-Grath,* 70 Ala. 75.

CECIL BROWN, for appellee.   The court takes judicial knowledge of the fact that the title to the 16th section lands is in the state and that the school commissioners have the right to plat and survey and sell the lots in them.—*Long v. Brown,* 4 Ala. 622; *Roberts v. Matthews,* 137 Ala. 523.   Under the allegations of the bill Green could show a perfect title if he brought suit in eject-ment.—*Parker v. Boutman,* 119 Ala. 297; *Florence Co. v. Schall,* 107 Ala. 531.   A deed may constitute a cloud upon title although the defense to it is as perfect in law as in equity.—*Ray v. Longstreet,* 54 Ala. 291; *Ward v. Dewey,* 16 N. Y. 519; *Lick v. Ray,* 43 Cal 88.   A want of possession could only be made to appear by ex-trinsic evidence.—7 Cyc. 255.

DOWDELL, J.—The bill in this case is for the pur-pose of removing a cloud from complainants' title to the land described.   The appeal is taken from a decree of the chancellor overruling the respondents demurrers

to the bill and motion to dismiss the same for want of equity. The facts alleged in the bill are to be taken as confessed, both on the demurrers and the motion to dismiss for want of equity.

The land described in the bill is a part of a sixteenth section. The court judicially knows that the title to all sixteenth sections by act of Congress was vested in the state for school purposes, and that by an act of the Legislature of January 15, 1828 (Aiken's Dig. pp. 378-383), the school commissioners had the authority to survey and plat into lots, and sell the lots, of this sixteenth section.—*Long & Long v. Brown,* 4 Ala. 622; *Roberts v. Mathews,* 137 Ala. 523, 34 South. 624, 97 Am. St. Rep. 56.

The deed charged to be a cloud on the complainants title is on its face regular and valid. The bill shows a complete chain of paper title reaching back from this deed to the government. Unquestionably the introduction in evidence, in an action of ejectment, by the respondent against the complainant, of such evidence of title, would, without more, make a prima facie case in favor of the respondent that would put the complainant to proof of his true ownership in order to defeat a recovery. Whenever such is the case, the true owner being in possession, he has a right to come into a court of equity to remove the cloud.

It is no answer to such a bill to say that the complainant could defeat an action of ejectment brought by the respondent. The test is not whether the true owner might be able to defend successfully against an ejectment suit, but would he be put to extraneous evidence in order to do so? The averments of the bill give it equity, and it was not subject to either the motion to dismiss nor to the demurrer of the respondent Allen A. Greene.

We are of the opinion that Onita A Greene, the wife of the respondent Allen A. Greene, is neither a necessary nor a proper party defendant. As stated by counsel for complainants, she was made a party defendant upon the theory that, being the wife of the defendant Allen A. Greene, the grantee in the deed which is alleged to constitute the cloud on complainants title, she had an inchoate dower interest. If the deed claimed to be a cloud is in fact no more than a cloud, we are unable to see how any right of dower could arise out of it against the true owner. No demurrer, however, for a misjoinder of the wife as a defendant, was filed to the bill.

The decree of the chancellor on the motion and demurrers is free from error.

Affirmed.

TYSON, C. J., and HARALSON and SIMPSON, JJ., concur.