# Parker *v.* Miller-Brent Lumber Co.

## *Bill to Remove Cloud From Title.*

(Decided Nov. 19, 1908.   47 South. 580.)

1. *Quieting Title; Right of Action; Title of Plaintiff.*—One who has acquired title to land by adverse possession may maintain a bill in equity to remove a cloud thereon.

2. *Same; Test.*—If complainant, on the facts stated in the bill, would be required to resort to extraneous proof to defeat a recovery in an action at law for the land by the adversary party, his right to maintain a bill to remove as a cloud upon his title the muniments of title of such adversary party, is clear.

APPEAL from Coffee Chancery Court.

Heard before Hon. W. L. PARKS.

Bill to remove a cloud from title by W. M. Parker against the Miller-Brent Lumber Company. Bill dismissed, and complainant appeals. Reversed and rendered.

The case made by the bill is that the complainant entered upon the lands in question in the year 1877 under

a purchase or conveyance from M. C. and Sara Kimmy, who in turn purchased from one Holloway in March, 1866, and that Holloway, at the time he conveyed the lands to Kimmy, was claiming under a certificate of entry from the United States government, issued in January, 1861, and that from the time of his entry in 1877 the complainant has held the actual and adverse possession of the land and used the same with his family as a homestead up to the time of the filing of complainant's bill, which was on the 6th day of March, 1906. The bill further alleges that the lands were grantetd by an act of Congress of June 3, 1856 (11 Stat. 17, c. 41), to the State of Alabama for the use of the Mobile & Girard Rairoad Company, upon the terms and conditions that the said usee could not acquire the title until it should construct a railroad pursuant to the provisions of the act, which conditions were never complied with, and that the lands never vested by said acts in said railroad company, and that by an act approved September 29, 1890 (26 Stat. 496, c. 1040), said lands were declared forfeited to the United States, except as to a certain quantity of land which had been earned by the construction of the road from Girard, Ala., to Troy, Ala., and that the title to such earned portion was confirmed upon the condition that the said company would relinquish those lands not earned and also relinquish all its right, title, and interest in and to certain designated lands, among which were those which had been sold by the officers of the United States for cash, where the government still retained the purchase money, and such act expressly confirmed the title of any person holding and claiming lands under such cash purchase from the government, and that said corporations accepted the conditions of said act and filed a relinquishment, etc., and the Secretary of the Interior was directed to certify for

[Parker v. Miller-Brent Lumber Co.]

the benefit of said railroad company all of the lands earned by it as aforesaid, excepting the lands which the company was required to relinquish, and that on April 24, 1893, the lands described in this bill were erroneously certified for the benifit of said company under direction of said act; that the Mobile & Girard Railroad Company, on March 21, 1890, granted the lands in controversy, together with other lands, by deed to the Van Kirk Land & Improvement Company, which deed was put upon record; that in June, 1895, in a chancery proceeding against the Van Kirk Land & Improvement Company, these lands, with others, were sold, and a registers deed of conveyance executed to Morris Adler, and this deed is also recorded in Coffee county; that Morris Adler and wife sold to H. L. Berry & Co., and H. L. Berry & Co., to the H. L. Berry Lumber Company, both of which deeds are recorded in Coffee county, and that the Berry Lumber Company had legally changed its name to the Miller-Brent Lumber Company; that no suit is pending at law to determine the title to these lands, and that the Miller-Brent Lumber Company are threatening to enter upon these lands and make other unauthorized uses of them. Motion was made to dismiss the bill for want of equity, which was granted.

J. E. SANDERS, for appellant. One who has acquired title by adverse possession may go into equity and have the cloud thereon removed.——*Torrent F. Ins. Co. v. City of Mobile*, 101 Ala. 559; *Echols v. Hubbell*, 90 Ala. 309; *Marston v. Rhodes*, 39 Ala. 722; 34 Cal. 355; 26 Tex. 714. Under the allegations of the bill, the complainant clearly shows that he has the legal title. U. S. Statutes at Large, 1890, p. 496; *Doe v. Pugh*, 34 South. 377; *Farmer v. Noble*, 101 Ala. 563; *Dudley v. Gallops*, 128 Ala. 236; *Sullivan v. VanKirk*, 124 Ala. 225; *Adler v. Sullivan*, 115 Ala. 588.

[Parker v. Miller-Brent Lumber Co.]

W. O. MULKEY, for appellee. There is no privity shown whatever between complainant and respondent as to their respective title, as both claim from an entirely different source. When this is the case, chancery has no jurisdiction to declare the conveyance of one a cloud upon the title of the other.—Adams Equity, 408; *Rea v. Longstreet*, 54 Ala. 291; *Lytle v. Sandefur*, 93 Ala. 398; *Smith v. Gilmer*, 93 Ala. 226; *Caldwell v. Lauder*, 60 Ala. 293.

DOWDELL, J.—One who has acquired a title to land by adverse possession may go into equity for the purpose of removing a cloud therefrom.—*Torrent Fire Engine Co. v. City of Mobile*, 101 Ala. 559, 14 South. 557; *Echols v. Hubbard*, 90 Ala. 309, 7 South. 817; *Marston v. Rowe*, 39 Ala. 722. In order to maintain a bill to remove a cloud from the title, the true test is, would the complainant, on the facts stated in his bill, be required to resort to extraneous proof to defeat an action at law by the respondent suing to recover the land? Where such is the case, resort to a court of equity is authorized. —*Allen E. Greene et al. v. Willie E. Boaz et al. Infra*. 68, 47 South. 255, and cases there cited.

On the facts averred in the bill before us it is plain that in an action of ejectment by the respondent, the Miller-Brent Lumber Company, against the complainant, the complainant would be put to extrinsic evidence to show the invalidity of the title of the Miller-Brent Lumber Company. The Miller-Brent Lumber Company, in an action of ejectment, upon the introduction of the muniments of title in evidence, without more, which is alleged in complainant's bill to constitute a cloud, would make a prima facie case authorizing a recovery. To meet such a prima facie case, the complainant here would be required to resort to other and extrinsic evi-

dence to defeat a recovery. The case at bar is very much like the case of *Greene v. Boaz, supra,* in which we held the bill to be properly filed.

The chancellor erred in sustaining the motion to dismiss the bill for want of equity. This decree will be reversed, and one here rendered overruling the motion.

Reversed and rendered.

TYSON, C. J., and ANDERSON and McCLELLAN, JJ., concur.