(93 South. 539)
HUTSON et al. v. CAMPBELL. (8 Div. 457.)

(Supreme Court of Alabama. June 8, 1922.)

1. Quieting title ⟷7(2)—Purchaser in possession held entitled to maintain action to remove cloud from title.

Where a deed to land was in possession of a vendor who gave another a deed to the land, which was recorded, the purchaser of the land may maintain an action to quiet title; extrinsic evidence being necessary to show the invalidity of the second deed.

2. Quieting title ⟷50—Court of equity, having obtained jurisdiction, will do complete justice.

Where a third person was given a deed to land by a vendor, and had the deed recorded, equity, having obtained jurisdiction of a suit by a purchaser against the vendor and the third person to quiet title, will require the vendor to restore to the purchaser a deed which the vendor held as the purchaser's agent to have recorded.

Appeal from Circuit Court, Morgan County: Robert C. Brickell, Judge.

Bill by J. A. Campbell against P. R. Hutson and others, to quiet title. From a decree overruling demurrer, defendants appeal. Affirmed.

Complainant, J. A. Campbell, files his bill against P. R. Hutson, W. M. Johnson, and Eva Johnson.

Paragraph 2 of the bill describes the lands, and avers that respondents claim or are reputed to claim some part of the lands, or some right, title or interest in or incumbrance thereon; that no suit is pending to enforce or to test the validity of such title, claim, or incumbrance; and calls upon respondents to set forth and specify their title, claim, interest, or incumbrance, and how or by what instrument the same was derived or created.

The bill further avers that complainant purchased the lands from respondent W. M. Johnson, and was immediately put in possession; that Johnson executed and delivered to complainant a deed conveying said lands; that the deed was then delivered to Johnson with the request that he have same recorded.

The bill further avers, on information and belief, that Johnson failed to record this deed for complainant; that Johnson, some time after the execution of complainant's deed, and after complainant had taken possession thereunder, executed a deed to the respondent Hutson undertaking to convey said lands to him, and that he turned over complainant's deed to said Hutson, and that Hutson is now claiming some right or title in said lands, etc. The prayer of the bill is to have complainant's title to the lands quieted, to enjoin respondents from destroying his said deed, and to require delivery of said deed to complainant.

Demurrers of respondents take the points that the bill is without equity; that complainant has an adequate remedy at law to recover his deed; that, under the allegations of the bill, respondents could have no deed which would be a cloud upon the title; that the bill purports to be a bill to remove a cloud on title, and, under the allegations of the bill, there is no cloud.

Wert & Hutson, of Decatur, for appellants.

The court erred in overruling demurrers to the bill. 132 Ala. 193, 31 South. 624.

Sample & Kilpatrick, of Hartsells, for appellee.

Independent of the statute, equity has jurisdiction to cancel and remove a cloud, if extrinsic evidence is necessary to show validity of the instrument claimed to be a cloud. 176 Ala. 564, 58 South. 920; 157 Ala. 68, 47 South. 255; 195 Ala. 450, 70 South. 134.

ANDERSON, C. J. [1] "Independent of our statute for the quieting of titles and the determination of claims to real estate (Code, § 5443 et seq.) courts of equity have jurisdiction to cancel and remove a specially described cloud upon complainant's title, when the owner is in possession, and when the evidence of the alleged cloud is not void on its face, and extrinsic evidence is necessary to show its invalidity." King Lumber Co. v. Spragner, 176 Ala. 564, 58 South. 920. "It is no answer to such a bill to say that the complainant could defeat an action of ejectment brought by the respondent. The test is not whether the true owner might be able to defend successfully against an ejectment suit, but would he be put to extraneous evidence in order to do so." Greene v. Boaz, 157 Ala. 68, 47 South. 255.

In the case at bar the respondent Hutson's recorded deed shows title in him, and the

complainant, not being in possession and control of the prior deed, would of necessity have to resort to extrinsic evidence to establish his superior title in case Hutson brought an action at law for the land. True, this complainant can maintain an action at law for the deed against Johnson, but the equity of the bill must rest upon the existing status, and not upon future conditions or contingencies essential to a plain and adequate remedy at law. Moreover, the possession of the complainant's unrecorded deed might not necessarily overcome Hutson's already recorded deed without the aid of extraneous evidence.

[2] As the bill contains equity to quiet title and cancel the Hutson deed, a court of equity has the power to do all proper things essential to the perfection and respose of complainant's title, and may require Johnson to restore the deed which he holds as complainant's agent for having the same recorded.

In the case of Tait v. Am. Mortgage Co., 132 Ala. 193, 31 South. 623, the complainant seems to have been in possession and control of all ·muniments of title regular and valid as against the subsequent deed from Tait to his mother, Narcissa Tait, and needed no extraneous evidence to establish a superior title to the land.

The circuit court did not err in overruling respondent's demurrer to the bill, and the decree is affirmed.

Affirmed.

SAYRE, GARDNER, and MILLER, JJ. concur.