ISAAC H. LANCY and others *vs.* AARON H. RANDLETT and wife.

Somerset. Opinion February 9, 1888.

*Equity. Practice. Lost deed. Amendment.*

Courts of equity take jurisdiction for discovery and relief in proper cases, touching lost written instruments.

Equity withholds relief in cases where the party asking it deliberately makes the mischief from which he suffers.

If the loss of a deed be accidental, and without the fault of the grantee, thereby subjecting his title to hazard and peril for which the law gives him no adequate relief, equity will afford that relief most suited to the necessities of the case.

A bill in equity may be maintained for discovery, where the same is necessary to enable the party to obtain that relief which he cannot have without it.

A court of equity, having obtained jurisdiction of a cause for the purpose of discovery, if relief is also asked, has authority to award the same, even though the discovery shows the proper relief to be an award of damages that might be assessed in an action at law.

A bill in equity for discovery and relief, in a cause purely legal, upon the

ground of discovery, must aver that the facts sought to be discovered are material to the cause of action, and that the party has no means of proving them in a court of law, and that the discovery of them by the defendant is indespensible as proof, and a want of such averment is fatal on demurrer.

When the discovery sought, be in aid of averments that show the cause to be one of equitable jurisdiction, the averments necessary for discovery are not essential, and a demurrer will not be sustained for the want of them, but discovery must follow as a matter of course.

A bill is insufficient for the want of equity, when it fails to show the circumstances of the loss of the missing deed, or at least that the loss was occasioned without the plaintiff's fault.

That may be remedied by amendment upon such terms as the court deems proper.

On exceptions to the ruling of the court sustaining a demurrer to the bill.

Bill in equity to remove a cloud from the title to certain land in Palmyra.

The points are stated in the opinion.

*S. C. Strout, H. W. Gage and F. S. Strout,* for the plaintiffs.

Before the statutes making parties witnesses, discovery was the only means of ascertaining the fact, and equity uniformly compelled the discovery. *Whitfield* v. *Fausset,* 1 Ves. 392; Story's Eq. Jurisprudence, § § 83, 84; *Campell* v. *Sheldon,* 13 Pick. 19. This jurisdiction for discovery, originally existing in equity, is not displaced because now courts of law may reach a similar result. *Campbell* v. *Sheldon,* 13 Pick. 19; *East India Co.* v. *Boddam,* 9 Ves. Jur. 465; *Bromley* v. *Holland,* 7 Ves. Jr. 19; *Kemp* v. *Pryor,* 7 Ves. Jr. 249; *Toulmin* v. *Price,* 5 Ves. Jr. 235; Story's Eq. § § 83, 84; *Clapp* v. *Shephard,* 23 Pick. 228; *White* v. *Milday,* 2 Edw. Ch. 486; *King* v. *Baldwin,* 17 Johns, 384; *Varet* v. *New York Ins. Co.* 7 Paige, Ch. 560; *Sailley* v. *Elmore,* 2 Paige, Ch. 497.

Where the bill is sustained for discovery, the court will grant relief, although the same relief might be had in a court of law, to prevent multiplicity. Story's Equity Jurisprudence, § § 690, 1483, 1484, 71, 254, and note. Foublanque's Eq. B. 6, c. 3, § 1, note. *Campbell* v. *Sheldon,* 13 Pick. 19. In *Russell* v. *Clark,* 7 Cranch, 69, the court says: "That if certain facts, essential to the merits of a claim purely legal, be exclusively within the knowl-

edge of the party against whom the claim is asserted, he may be required in a court of chancery to disclose these facts; and the court being thus rightly in possession of the cause, will proceed to determine the whole matter in controversy." This was said by the Supreme Court of the United States, which by statute has jurisdiction in equity only where there is not a plain, adequate and complete remedy at law. A less jurisdiction than is possessed by this court. The affidavit of loss required by the English practice, is here supplied by the oath to the whole bill; but it is unnecessary in a case like this. 13 Pick. 19.

When a deed of land has been destroyed or is concealed by defendants, a party may come into equity, and the court will make a decree that plaintiffs hold and enjoy the land until defendants produce the deed or admits its destruction. "So if a deed concerning land is lost, and the party in possession prays discovery, and to be established in his possession under it, equity will relieve, for no remedy in such a case lies at law." Story's Equity, § 84. In *Dalton* v. *Coatsworth*, 1 P. Will. 733, the court decreed a conveyance as "the most effectual and reasonable decree."

While it is generally true that a discovery cannot be had except in aid of a suit at law, unless the bill makes a case for equitable relief, (*Coombs* v. *Warren*, 17 Maine, 404,) in the case at bar, the bill makes a case for removal of a cloud on title, and for quieting and perpetuating the enjoyment and possession, which afford ample ground for equitable relief. A cloud upon title is where the title is regular and valid on its face, but in fact invalid from facts to be proved by evidence. *Briggs* v. *Johnson*, 71 Maine, 235; *Chapman* v. *Brewer*, 114 U. S. 171; *Clouston* v. *Shearer*, 99 Mass. 209; *Russell* v. *Deshon*, 124 Mass. 342.

The jurisdiction in equity to remove such a cloud is nearly as old as equity process. If we attempt to sell the land the defect in record title would defeat the sale.

We cannot avail ourselves of R. S., c. 73, § 25, because we cannot produce a copy of the deed; nothing less than that will suffice under this statute. The remedy by c. 146, laws of 1883, by summoning defendant to bring suit, might suffice as to

defendant Randlett, though not so ample a remedy as equity can afford, but could not be used or applied to Mrs. Randlett, to affect her dower. She can bring no suit while her husband is alive.

"Where an instrument on which a title is founded is lost or fraudulently suppressed or withheld from the party claiming under it, a court of equity will interfere to supply the defect occasioned by the accident or suppression, and will give the same remedy which a court of common law would have given if the instrument had been forthcoming. In all such cases, therefore, a demurrer because the subject matter of the suit is within the jurisdiction of a court of law, will not hold." Daniel's Chancery, 552; 1 Story's Equity, § § 81, 184; *Bromley* v. *Holland*, 7 Vessey, Jur. 3 and note.

This court has full equity power in case of fraud or accident, and to compel discovery in such cases even if there may be a remedy at law. R. S., c. 77, § 6, IV, VIII. In this class of cases this court has jurisdiction in equity concurrent with courts of law. This court has so held as to VI of the same section. *Nash* v. *Simpson*, 78 Maine, 142. The limitation ·of power where there is a clear and adequate remedy at law, contained in XI, does not apply to the jurisdiction previously granted. This case is one of accident; 13 Pick. 19; and it may be of fraud, if it turns out, as we suspect, that Randlett has possession of the deed, obtained surreptitiously.

The prayer of the bill is for a new deed, not to convey title, but to furnish evidence of the title complainants now have. No harm can come to defendant by giving such deed. Rights of third persons are not involved. The apparent title is in Randlett, the actual title in complainants. We ask to have the apparent made consistent with the actual title that thus the cloud may be cleared, and we may obtain what we have a right to the full beneficial interest, available for all purposes. This would afford us a full and complete remedy, which we submit cannot be obtained at law as fully and completely, and certainly not as cheaply.

In *Dalston* v. *Coalsworth*, 1 P. Williams, 732, where a will

had been destroyed, the devisee brought a bill against the heir, and the decree was for the heir to convey. In *Lawrence v. Lawrence*, 42 N. H. 109, where a mortgage upon land to secure personal support had been accidentally lost, the court decreed the execution of a new mortgage. But, if any doubt exists as to this, the case made by the bill entitles the complainants to a decree establishing their title and perpetuating the possession and enjoyment in them under the prayer for other relief. *Sullivan v. Finnegan*, 101 Mass. 447; Story's Equity Pleadings, § 40; *Hinchley v. Greany*, 118 Mass. 595. Nothing in *Robinson v. Robinson*, 73 Maine, 170, is opposed to the argument here.

*D. D. Stewart*, for defendant, cited: *Stearns v. Page*, 7 How. 829, 830; *Carr v. Hilton*, 1 Curtis C. C. R. 390; *Stevens and al. v. Moore*, 73 Maine, 559; *Smith v. Greeley*, 14 N. H. 378; *Craig v. Kittredge*, 23 N. H. 236; *Hilton v. Lothrop*, 46 Maine, 297; *Rogers v. Durant*, 106 U. S. 645; Rev. Stat. 1871, c. 73, § 25; *Robinson v. Robinson*, 73 Maine, 176; 1 Stor. Eq. Jur. § 105; 1 Daniell's Ch. Pl. and Pr. 377; 1 Stor. Eq. Jur. § 78; 1 Stor. Eq. Jur. § 105, 146; 2 Pom. Eq. Jur. § 823, "Accident." *Id.* § 824, note 1; *Penny v. Martin*, 4 Johns. Ch. 569; *Marine Ins. Co. v. Hodgson*, 7 Cranch, 332; *Rogers v. Durant*, 106 U. S. 645; *Bank v. Haskins*, 101 Mass. 374; *Warren v. Baker*, 43 Maine, 573; *Young v. McGown*, 62 Maine, 61; *Cobb v. Dyer*, 69 Maine, 497; *Woodman v. Freeman*, 25 Maine, 532; *Walmsley v. Child*, 1 Ves. Sr. 341; *Whitfield v. Fausset*, 1 Ves. Sr. 392; *Dalton v. Coatsworth*, 1 P. Will. 731; *Dormer v. Fortescue*, 3 Atk. 132; S. C. 2 Atk. 282.

I find no suggestion in Adam's Equity or in Spencer's Eq. Jur. that courts of equity in England have any jurisdiction over deeds lost by the party holding them, without the fault or agency of the defendant, and I find no precedent for such a bill in Hughes' Eq. Draftsman, or in any English or American book of precedents in equity, within my reach; and I have Smith's Maddocks, Blakes and Hoffmans, Daniell's Chancery Pr., Whitworth's Eq. Prec. Curtis' Eq. Prec. Willis' Eq. Pl. & Pr. and Story's Pl. I have been unable to find a reported case in New England,

unless *Lawrence* v. *Lawrence*, 42 N. H. 109, is to be so regarded. In this state the precise question here raised was decided adversely to the plaintiff by this court in *Robinson* v. *Robinson*, 73 Maine, 170. From the time of Blackstone to the present day, the remedy at law, as Judge Blackstone says, has been full and ample. 3 Blackstone's Com. 431; R. S., c. 1883, c. 107 § § 22, 23; R. S., c. 104 § 47, c. 73, § 25; *Pratt* v. *Pond*, 5 Allen, 59; *Metcalf* v. *Cady*, 8 Allen, 589; *Boardman* v. *Jackson*, 119 Mass. 161, 163; *Bassett* v. *Brown*, 100 Mass. 356.

There being no statute provision in Massachusetts like section 6, of c. 104, of our Revised Statutes, but the common law being unchanged in that state, a party in possession cannot bring a writ of entry. *Clouston* v. *Shearer*, 99 Mass. 212; *Hill* v. *Andrews*, 12 Cush. 185; *Dewey* v. *Bulkley*, 1 Gray, 417. The complainants have therefore a plain and adequate remedy at law. *Lewis* v. *Cocks*, 23 Wall. 466.

"The statute giving to the court full equity jurisdiction," said CHAPMAN, J., in delivering the opinion of the Supreme Court of Massachusetts in *Pratt* v. *Pond*, 5 Allen, 59, "expressly limits it to cases where the parties have not a plain, adequate and complete remedy at law. And the remedy at law must refer to remedies at law as they exist under our statutes, and according to our course of practice." *Suter* v. *Matthews*, 115 Mass. 255; *Pratt* v. *Pond*, 5 Allen, 59; *Jones* v. *Newhall*, 115 Mass. 251. So with the statute of Maine, conferring jurisdiction on this court. Stat. 1874 c. 175; R. S., 1883, c. 77, § 6, art. II.

Our statute provisions, therefore, afford ample and specific remedy to the complainants, and this bill cannot be maintained. *Stare decisis* may well be applied. *Robinson* v. *Robinson*, 73 Maine, 176; *Fletcher* v. *Harmon*, 3 New Eng. Rep. 245.

HASKELL, J. The orators ask to be confirmed in their title to land clouded by the loss of their title deed prior to its record.

The respondents demur upon three grounds.

I. For the want of jurisdiction in equity over the subject matter of the bill.

II. For the want of equity shown on the face of the bill.

III. Because of a plain and adequate remedy at law.

Equity jurisdiction for discovery and relief in proper cases touching lost written instruments is as old as equity itself. Sto. Eq. Jur. § § 79, 84 ; *Whitfield* v. *Fausset*, 1 Ves. 392 ; *Blight's Heirs* v. *Banks*, 6 T. B. Monroe, 192 ; Pom. Eq. Jur. § 1376, note 3 ; *Campbell* v. *Sheldon*, 13 Pick. 8.

The bill avers more than a dozen years' undisturbed possession under the lost deed, and that the grantor has repeatedly refused to execute a new deed in its stead, and puts searching interrogatories for answer upon oath concerning the execution and delivery and loss of the missing deed ; but it does not aver that the loss was not without even the culpable negligence of the orators themselves ; nor does it suggest that the respondents were in any way responsible or chargeable for its loss or destruction.

Equity withholds relief in causes when the party asking it deliberately makes the mischief from which he suffers.

If the loss of a deed be accidental and without the fault of the grantee, thereby subjecting his title to hazard and peril, from which the law gives him no adequate relief, equity will afford that relief most suited to the necessities of the case. *Hord* v. *Baugh*, 7 Humph. 576 ; *Dalston* v. *Coalsworth*, 1 P. Wms. 731, 733.

If the bill be for discovery, containing the averments essential to a bill of that sort, and the discovery is had showing facts that warrant relief in equity or at law, the court having obtained jurisdiction of the cause may award such relief as proper for courts of equity to grant, if relief as well as discovery be prayed for in the bill. Stor. Eq. Jur. § § 71, 72 ; *Russell* v. *Clarke's Ex'rs*, 7 Cranch, 69. If the discovery shows the proper relief to be an award of damages that ought to be ascertained by a jury, an issue can be framed and tried in the same suit without sending the parties to an action at law. R. S., c. 77 § 30.

But to obtain jurisdiction for relief in equity, over a cause purely legal, upon the ground of discovery, the bill must aver that the facts sought to be discovered are material to the cause of action, and that the orator has no means of proving them in a court of law, and that the discovery of them by respondent is indispensible as proof. Pom. Eq. Jur. § 229 ; Stor. Eq. Jur. § 74, and cases cited ; and the want of such averment is fatal

on demurrer to the bill when jurisdiction is sought in equity for discovery and relief solely upon the ground of discovery. So, if by plea in such case these facts be traversed, it would seem that the issue must be decided in favor of the truth of the bill, before discovery could be decreed.

If the discovery, as in most cases, be in aid of the averments of the bill that show the cause to be one of equitable jurisdiction, then the averments of necessity for discovery are not essential, and a demurrer cannot be sustained for the want of them, but discovery must follow as a matter of course.

The orators' bill is insufficient for the want of equity, inasmuch as it fails to show the circumstances of the loss of the missing deed, or at least that the loss was occasioned without the orators' fault. For aught that appears in the bill, the orators may have designedly destroyed the missing deed for some fraudulent purpose. For this reason, the demurrer is well taken and the exceptions must be overruled. *Hoddy* v. *Hoard*, 12 Ind. 474. Nor can the bill be maintained for discovery and relief upon the ground of discovery alone, for the necessary averments in such bill are wanting; but, if the orators can truthfully amend their bill so as to come within the reasoning of this opinion, they should be allowed to do so upon such terms as the court below shall consider just.

If the deed has been lost without fault for which the orators are in equity chargeable, it would seem that they have no plain and adequate remedy at law. It is true that, although the deed has not been recorded, its contents may be proved by parol in an action at law; *Moses* v. *Morse*, 74 Maine, 472; but the cloud is upon the record title, and the remedies pointed out by the learned counsellor for respondents fail to heal the apparent defect of title shown by the registry of deeds. That cloud can only be removed by an appropriate decree in a court of equity.

*Exceptions overruled.*

PETERS, C. J., WALTON, DANFORTH, VIRGIN, LIBBEY, EMERY and FOSTER, JJ., concurred.