## Staunton.

### LARKEY v. GARDNER.

September 13, 1906.

Absent, Keith, P.

1. EQUITY JURISDICTION—*Bill for Discovery and Relief—Complete Relief—Abuse of Jurisdiction.*—Where a proper case for discovery is presented a bill asking both discovery and relief is maintainable; and the court having jurisdiction for the purpose of discovery will go on to give relief. But this rule cannot be abused by being employed as a mere pretext for bringing causes proper for a court of law into a court of equity.

2. EQUITY PLEADING—*Bill for Discovery and Relief—Legal Demand—Averment of Necessity for Discovery—Failure of Proof.*—In a pure bill of discovery it is not necessary to allege that only by discovery can the plaintiff sustain his demand, but where the complainant asks a court of equity for both discovery and relief, and his demand is proper for the law court, and he seeks to transfer it to a court of chancery, he must show- by proper averments that only by discovery can he recover, and therefore that a discovery by suit in equity is indispensable; otherwise, under a colorable disguise, courts of chancery might be made to assume the settlement of controversies belonging exclusively to courts of common law. Furthermore, although proper averments be made in the bill, so that a demurrer thereto will not lie, if they be not sustained by the proof the bill should be dismissed at the hearing for want of jurisdiction.

Appeal from a decree of the Circuit Court of Scott county in favor of the complainant. Defendant appeals.

*Reversed.*

The opinion states the case.

*Richmond & Bond* and *G. M. Edmonds,* for appellant.

*W. S. Cox* and *R. F. McConnell,* for appellee.

HARRISON, J., delivered the opinion of the court.

This is a suit in equity for discovery and relief, the bill alleging that W. D. Larkey, the appellant, is indebted to Chloe Gardner, the appellee, in the sum of $720.00, with interest; and that this indebtedness arose from the purchase of a tract of land for which two bonds were executed by appellant to appellee. After setting forth the circumstances under which it is alleged these bonds came into the possession of appellant, although still owned by the appellee, the bill charges that the complainant does not exactly remember the aggregate of said bonds, but believes it to be $720.00, and not knowing the exact amount of said bonds or their description, she cannot sue on them at law, or bring action in that form to get possession of them. She, therefore, waiving an answer under oath, prays that appellant be required to discover and disclose said bonds and produce the same with his answer; that in addition complainant have judgment against the defendant for said indebtedness with its interest, and for general relief.

It will be observed that this is not a suit to enforce a purchase money lien upon land. The bill says the bonds mentioned were given for land, but it does not allege that they were secured by lien on land, and the decree complained of is not for the sale of land, but is a personal judgment for money against the appellant. The bill in this case is not what is known as a "pure bill of discovery," where discovery only is asked for, to be used as evidence in an action at law; but it is a bill for "discovery" and judgment against the appellant, and is called a bill for "discovery and relief."

· Where a proper case for discovery is presented, the bill asking both discovery and relief is maintainable; the court having jurisdiction for one purpose—discovery—will go on to give relief. But this rule cannot be abused by being employed as a mere pretext for bringing causes, proper for a court of law, into a court of equity. *Chichester* v. *Vass,* 1 Munf. 98, 4 Am. Dec. 531; *Lyons* v. *Miller,* 6 Gratt. 427, 52 Am. Dec. 129; *Russell* v. *Clark's Exor.,* 7 Cranch. (U. S.) 69, 3 L. Ed. 271.

The case presented by the bill before us is one purely for a legal forum, either by detinue to recover the bonds or by action of debt to recover their amount from the debtor, except on the ground of "discovery"; and yet the bill does not aver or show that discovery is indispensable to a recovery. The sole allegation in support of the prayer for discovery is that "appellee does not exactly remember the aggregate of said bonds, but believes it to be $720.00."

In a pure bill of discovery it is not necessary to allege that only by discovery can the plaintiff sustain his demand. In such a case full relief of equity is not asked, but only its aid to make the applicant stronger in a court of law. But where the complainant asks a court of equity for both discovery and relief, and his demand is proper for the law court, and he seeks to transfer it to a court of chancery, he must show that only by discovery can he recover. He must allege that the facts concerning which a disclosure is sought are material, and that he has no means of proving those facts by the testimony of witnesses or by any other kind of evidence used in courts of law; that the only mode of establishing them is by compelling the defendant to make disclosure, and, therefore, that a discovery by suit in equity is indispensable. Unless such averments are required it is obvious that the boundaries between the chancery and common law courts would be broken down,

and that chancellors would find themselves, under a colorable disguise, changing the forum of litigation, and assuming the settlement of controversies belonging exclusively to the common law courts. Pom. Eq. Jur., sec. 229; Story's Eq., Vol 1, sec. 74; *Russell* v. *Clark, supra; Brown* v. *Swann,* 10 Pet. (U. S.) 497, 9 L. Ed. 508; *Lancy* v. *Randlett,* 80 Me. 100, 13 Atl. 686, 6 Am. St. 169; *Thompson* v. *Whitacre Iron Co.* (W. Va.), 23 S. E. 795; *Duvals* v. *Ross,* 2 Munf. 290; *Bass* v. *Bass,* 4 Hen. & Munf. 478; *Armstrong* v. *Huntons,* 1 Rob. 323; *Childress* v. *Morris,* 23 Gratt. 802; *Collins* v. *Sutton,* 94 Va. 127, 26 S. E. 415.

But this principle of averring that discovery is indispensable to enable the plaintiff to sustain his demand applies only where his demand is one cognizable at law, not where his demand is of a nature itself entitling him to go into equity. *Lancy* v. *Randlett, supra.*

Nor are these allegations a mere empty form, a mere fiction of pleading; they may be controverted, must be supported by proof, and if disproved, the whole foundation for the equitable interference in the case would fail. Pom. Eq. Jur., sec. 229.

In the light of the authorities cited it is very clear that the allegations of the bill are not sufficient to entitle appellee to the aid of a court of equity. We are of opinion, therefore, that the demurrer to the bill should have been sustained.

If, however, this conclusion had not been reached the result in this case would be the same, as the allegations of the bill in support of the discovery are wholly disproved by the evidence adduced. The *lis pendens* alone, docketed by the appellee when this suit was brought, shows on its face the amount and date of the plaintiff's claim. This was the only matter as to which a discovery was asked, and these facts being known to the appellee, or ascertainable by her, their discovery by ap-

pellant was unnecessary, and the prayer for such discovery a merely colorable ground for equitable relief.

Where the bill alleges proper matter for the jurisdiction of a court of equity, so that a demurrer will not lie, if it appears on the hearing that the allegations are unfounded, and that such matter does not in fact exist, the result must be the same as if it had not been alleged, and the bill should be dismissed for want of jurisdiction. *Jones* v. *Bradshaw,* 16 Gratt. 355.

For these reasons the decree complained of must be reversed and the bill dismissed.

*Reversed.*