### HERSHEY v. ROBSON et al.

(Supreme Court, Special Term, Yates County. February 12, 1910.)

1. GIFTS (§ 49*)—INTER VIVOS—GIFT OF REAL ESTATE.

Evidence *held* to show a gift of real estate by the execution and delivery by the donor of a deed reserving to himself the use for life, which deed vested in the donee title subject to the donor's life estate.

[Ed. Note.—For other cases, see Gifts, Cent. Dig. §§ 95–99; Dec. Dig. § 49.*]

2. ACKNOWLEDGMENT (§ 5*)—VALIDITY—ABSENCE OF ACKNOWLEDGMENT.

An unacknowledged deed of real estate is sufficient to pass title as between the parties.

[Ed. Note.—For other cases, see Acknowledgment, Cent. Dig. § 26; Dec. Dig. § 5.*]

3. GIFTS (§ 41*)—GIFTS OF REAL ESTATE—REVOCATION.

Where a grantor, executing and delivering a deed of gift which vested the title in the grantee, subsequently obtained possession of the deed and destroyed it before it was recorded, he did not thereby repossess himself of the title.

[Ed. Note.—For other cases, see Gifts, Cent. Dig. § 20; Dec. Dig. § 41.*]

4. QUIETING TITLE (§ 23*)—RIGHT OF PLAINTIFF.

A grantee in a lost unrecorded deed, who has never been in possession of the land conveyed, may not sue to compel the determination of his claim, under Code Civ. Proc. § 1638.

[Ed. Note.—For other cases, see Quieting Title, Cent. Dig. §§ 55, 56; Dec. Dig. § 23.*]

5. EXECUTORS AND ADMINISTRATORS (§ 129*)—TITLE OF EXECUTOR.

An executor, under a will disposing of personalty, giving legacies, and providing that the residue of his estate shall be divided into shares, and authorizing the executor to sell the realty and dispose of the proceeds, has no title to real estate, and may not execute a deed thereof, except

---

.*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

on a sale to divide the proceeds, and he may not execute a deed to a donee, claiming under a lost deed executed and delivered by testator.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 533–536; Dec. Dig. § 129.*]

6. LOST INSTRUMENTS (§ 3*)—LOSS OF DEED—RIGHT OF GRANTEE.

Where a donor of real estate, who, after executing and delivering a deed thereof to the donee, obtained possession of it for a specified purpose before it was recorded, and then lost it and died, his heirs and devisees were subject to such equitable jurisdiction as was necessary to afford the donee relief, and where some of the heirs and devisees were nonresidents the court would enter a decree establishing the making and delivery of the lost deed and donee's title thereunder.

[Ed. Note.—For other cases, see Lost Instruments, Cent. Dig. § 8; Dec. Dig. § 3.*]

Action by Rosalia Hershey against James A. Robson, executor of Joseph Hershey, deceased, and others. Complaint dismissed as to executor, and relief granted to plaintiff as against the other defendants.

Action to require the defendant Robson, as executor and testamentary trustee under the will of Joseph Hershey, to execute and deliver to plaintiff a deed of the lands described in the complaint, formerly owned by said Hershey, in place of a deed alleged to have been made and delivered by said Hershey in his lifetime, which was never recorded, and was lost or destroyed by said Hershey; also, to require said executor to deliver possession of said lands to the plaintiff, and to account for the rents and income thereof accruing subsequent to the death of said Hershey, "and for such other and further relief as the court may deem proper."

N. D. Lapham, for plaintiff.
Wynkoop & Rice, for defendant Robson.
Harry I. Dunton, for defendants Culver, Gould, Paine, and Tilton.

FOOTE, J. The plaintiff brings this action against the executor of the last will and testament of Joseph Hershey and against his heirs at law and the devisees and legatees named in his will. As to the defendants other than the executor of Joseph Hershey, the only allegation in the complaint is that they have or claim to have some interest in or lien upon the lands which are the subject of the action, which interest, if any, is alleged to have accrued subsequent to plaintiff's title.

The plaintiff claims to have received from Joseph Hershey, who was her uncle, on or about December 15, 1899, a deed of the lands involved in this action, which consist of a brick store building in the village of Rushville, in Yates county. It was intended as a gift of these lands to her, subject to a life estate in Joseph Hershey, the grantor, which was reserved in the deed. The property was then, and has ever since been, occupied by a tenant, who during his life paid the rent to Joseph Hershey. This deed was never recorded, and the plaintiff claims that she was requested by Joseph Hershey not to record it, or to disclose the fact that the deed had been made. The complaint alleges, in substance, that on or about the 1st day of November, 1900, the plaintiff loaned this deed to said Hershey at his request, to enable said Hershey to obtain certain information and data to be used by him in preparation of another deed conveying a strip of adjoining lands

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

to the plaintiff, and that said deed was never returned to plaintiff, but
remained in possession of said Joseph Hershey until his death on the
2d day of September, 1907. It is further alleged that upon his death
and the probate of his will shortly thereafter said premises came un-
der the control and management of the defendant Robson as executor
of his will. It is also alleged that after the death of Joseph Hershey
careful search of his papers failed to discover this deed, and that the
same was lost or destroyed while in his possession; that plaintiff has.
demanded that the tenant upon said premises should attorn to her,
which he has refused to do; that the plaintiff has also demanded of
the defendant Robson as executor an accounting of the rents and in-
come since the death of Joseph Hershey, which has been refused;.
and that the defendants, other than said executor, are all the heirs at
law, next of kin, and legatees of said Hershey. One of said defend-
ants is alleged to reside in the state of Michigan and another in the
state of Nebraska. The residence of the other defendants is not al-
leged and did not appear upon the trial. Eleven of the defendants.
have not appeared in the action.

Joseph Hershey, by his will, which was made on the 18th day of
October, 1906, disposed of certain articles of personal property, and
gave several small money legacies to certain of the defendants, who
are for the most part nephews and nieces, and by the tenth clause of
his will he directed all the rest, residue, and remainder of his property
and estate, of whatsoever nature or kind, to be divided into ten equal
parts or shares, and for the purpose of division and distribution he
authorized and directed his executor, either at public or private sale,.
to sell, transfer, convey, and dispose of all the lands, tenements, and
real property of which he died seised or possessed, or of which his.
executor may be or become seised or possessed or in any manner en-
titled to, at such time or times and in such manner and in such shares.
or parcels as to said executor shall seem best, to convert the same into
money, and upon such sale to execute and deliver all necessary deeds
and conveyances. He then directed to whom said ten shares, after
being converted into money, should be given, being his nephews and
nieces and their descendants, all of whom are defendants. The will
created no trusts and vested no title to any of his real estate in his
executor, and did not appoint his executor a testamentary trustee.
The will does not contemplate that the executor should hold any of
the real estate, or that he should delay the administration of the es-
tate longer than was reasonably necessary to convert the real estate
into money for division. It appeared upon the trial that the executor
has had no possession of this real estate, that the tenant in possession
has refused to pay rent either to the executor or to the plaintiff, and
that the only relations the executor has had to this particular piece of
real estate is the payment of one or two items of taxes and insurance.

Upon the trial the plaintiff established by several witnesses the exist-
ence of the alleged lost deed. She proved by two witnesses that the
deed was in her possession in the fall or winter of 1899. The deed
was read by them, and one of them is able to give sufficient of its con-
tents to identify it as a deed of this particular property. He identifies.

the signature as that of Joseph Hershey, with whose handwriting he was familiar. He remembers that there was a seal opposite the signature, that the consideration was $1, and that the deed had been made only a few days previously. He did not recognize the handwriting in the body of the deed, remembers it had revenue stamps affixed, and the signature of some person to the certificate of acknowledgment, which he thinks was Mr. Pulver, a justice of the peace, but of this he is not certain. The deed was seen by another witness, Charles Hershey, one of the defendants, in possession of Joseph Hershey about two years before his death. Joseph Hershey had sent for him to come to the house to help him find some paper, and in looking over Mr. Hershey's papers he discovered this deed, and Joseph Hershey told him that he had borrowed it of the plaintiff to get the boundary of the property to add a piece of land that he had bought in the rear, and said he had borrowed it of the plaintiff and had neglected to attend to the business. He read the deed through, remembers that it stated a consideration of $1 and described this brick block, thinks the date was in 1898, that it reserved the use of the property to Joseph Hershey for his lifetime, that there was a seal on it, and that it was acknowledged, was part writing and part printed. He did not know the handwriting, but thinks the body of the deed was not in Hershey's handwriting, and that it was signed by him, and he knew his signature. He does not remember the name of the officer taking the acknowledgment, but thinks it was Pulver. The plaintiff proved by four other witnesses declarations to them by Joseph Hershey in his lifetime, each on a separate occasion, that he had deeded this property to the plaintiff. One of these witnesses was a tenant of the property. The last declaration to this effect was made three or four weeks before his death.

I regard this testimony as sufficient to establish the fact that Joseph Hershey did, near the close of the year 1899, execute and deliver to the plaintiff a deed of the lands in question, intended as a gift, and reserving to himself the use of the property during his life; that this deed was sufficient to and did vest in the plaintiff title to this property subject to the grantor's life estate; that the deed was acknowledged, but who the person was who took the acknowledgment, or whether he was an officer empowered by law to take acknowledgments, does not sufficiently appear. But the deed was sufficient as between the parties to pass the title, if not acknowledged. Wood v. Chapin, 13 N. Y. 509, 67 Am. Dec. 62. The deed was not recorded by the plaintiff, because the grantor requested that it should not be recorded. It was borrowed from the plaintiff by the grantor in connection with an intention on his part to convey to the plaintiff an additional strip of land in the rear of this property which the grantor owned. It remained in the possession of the grantor, and was seen by one witness at about two years before the grantor's death. It was after that lost or destroyed. It is clear that, if the grantor destroyed the deed, he did not thereby repossess himself of the title. There is no reason for assuming that it was destroyed with plaintiff's consent, if that would make any difference, for only three or four weeks before his death he declared that the property

belonged to the plaintiff. I find no reason for discrediting the witnesses who testified to having seen this deed and to the declarations of the grantor. As to those who purport to give the contents of the deed, it may be that their testimony would fall short of what would be required if the case rested upon their testimony alone; but, supported as it is by the testimony as to the grantor's declarations, it should be held sufficient.

We come, then, to the question as to what relief can be given to the plaintiff in this action. The plaintiff is not and never has been in possession of these lands; hence she is not in a position to maintain an action to compel the determination of her claim to this property under section 1638 of the Code of Civil Procedure, and this is not such an action. Nor can she recover in this action against the defendant Robson as executor. He has no title to the property, and no deed from him could convey any title. If title is not in the plaintiff, it is vested in the heirs at law and devisees of Joseph Hershey. The plaintiff relies upon the case of Kent v. Church of St. Michael, 136 N. Y. 10, 32 N. E. 704, 18 L. R. A. 331, 32 Am. St. Rep. 693, where it was held that where an unrecorded deed of land had been lost, an action in equity is maintainable to compel the grantor, or, after his death, those representing his title, to execute another deed so as to clothe the grantee with the record title. In that case the plaintiffs had contracted to sell the lands which their testator had owned, and of which he was in possession at the time of his death; but the title offered was objected to by the purchaser on account of a deed of a portion of the land to the plaintiffs' testator having been lost before being recorded. The person from whom plaintiffs' testator had received the deed had also died, leaving a will by which all his real estate was vested in his executors as trustees of certain express trusts, whereby such executors were vested with the title. It appears from the record of the case (though not in the case as reported) that these latter executors did not dispute the fact that their testator had conveyed this land to plaintiffs' testator. Accordingly, to satisfy the counsel for the proposed purchaser, a friendly suit was brought to compel these latter executors, who were also trustees, to make a new deed in place of the lost one. This suit was not defended, and a decree was made to that effect, and a new conveyance executed in accordance therewith. But the proposed purchaser still refused to accept the title, whereupon the plaintiffs brought the action to compel its acceptance, and the question involved was whether the deed made pursuant to the judgment requiring it was sufficient to perfect the title, and it was held that it was. Whether the action to compel the execution of this new deed could have been successfully maintained, if vigorously defended, was not involved or necessarily determined by the decision of the Court of Appeals upon which the plaintiff relies. It certainly is not an authority for the proposition that an executor, who is given no title to his testator's lands, but has under the will only a naked power of sale for the purpose of dividing the proceeds, can be compelled to execute a new deed of lands which his testator has once conveyed by deed which is lost. Such an executor certainly could not convey lands in fulfillment of

a contract of sale made by his testator in his lifetime, for he would have no title to convey. The power of sale given to the present executor is to be exercised solely for the purpose of dividing the proceeds. It is not a power to execute deeds where there is no sale and no proceeds to receive.

Upon a strict construction of the complaint, these views would require a dismissal of the complaint, for no relief is asked against the heirs, who are made defendants, except the prayer for general relief. But the parties are all before the court, and it seems proper to award to the plaintiff such relief as it is possible to give the plaintiff under the proofs not inconsistent with her complaint. Undoubtedly, if this were an action in ejectment, upon these proofs the plaintiff would be entitled to recover possession of these lands, which for all practical purposes would establish her title. If this deed had been lost without the interference or fault of Joseph Hershey, then clearly there would be no jurisdiction in equity to grant the plaintiff any relief. Her remedy at law by an action in ejectment would be complete. But in this case the loss of this deed is due to the interference of Mr. Hershey by borrowing it and failing to return it. As against him, courts of equity would assume jurisdiction to compel him to execute a new deed on that account. Mr. Beach in his work on Modern Equity Jurisprudence (vol. 1, § 28) thus states the rule upon this subject:

"It is to be observed that the loss of the instrument is not of itself sufficient to found a jurisdiction, but there must be other equities. The bill must always lay some ground beside the mere loss of the instrument of evidence to justify the interposition of a court of equity to grant relief. * * * If a deed concerning land is lost, and the party prays discovery and to be established in possession under such deed, equity will relieve, for there is no remedy at law; and, where the plaintiff is out of possession, there are cases in which equity will interfere upon lost or suppressed title deeds, and decree possession to the plaintiff, but in all such cases there must be other equities calling for the action of the court."

In Whitfield v. Fausset, 1 Vesey, Sr. 387, Lord Chancellor Hardwicke lays down the rule in the following language:

"The loss of a deed is not always a ground to come into a court of equity for relief; for if there was no more in the case, although he is entitled to have a discovery of that, whether lost or not, courts of law admit evidence of the loss of a deed, proving the existence of it and the contents, just as a court of equity does. There are two grounds to come into equity for relief: First, where the deed is destroyed or concealed by the defendant; another is where the plaintiff cannot recover at law without making profert of the deed in pleading at law."

See, also, Dalston v. Coatsworth, 1 Peere Williams Chan., 731; Lancy v. Randlett, 80 Me. 169, 13 Atl. 686, 6 Am. St. Rep. 169; Clarke v. Featherston, 32 Ind. 142.

The defendants who are the heirs and devisees of Joseph Hershey stand in his place, and should be subject here to such equitable jurisdiction as is reasonably necessary to afford plaintiff relief of the same general character as she was entitled to against Joseph Hershey. But some of the defendants are nonresidents of the state and not within the reach of the process of this court to compel them to execute deeds. It is, therefore, impractical to enforce a decree, if one were made, re-

quiring a new deed to be executed by all the heirs at law and devisees of Joseph Hershey. Plaintiff, however, is entitled to decree establishing the making and delivery of the lost deed and her title thereunder to these lands, with the right of possession from and after the death of Joseph Hershey; also her right to the rents which have accrued from the tenant since the death of Joseph Hershey, less the amount which his executor has paid for taxes and insurance upon this property, which the tenant should be required to pay to such executor.

This action was improperly brought against the executor, and as to him the complaint should be dismissed, with costs. The plaintiff made no demand upon the heirs and devisees for a new deed of this property, and they have never refused to make one. For this reason, I think no costs should be allowed to the plaintiff against them.

Findings may be submitted for settlement in accordance with these views.