FIDELITY & DEPOSIT COMPANY, OF MARYLAND, v. FRED P. CONE, as Governor, for the Use of Board of Bond Trustees, of Special Road and Bridge District No. 1, Washington County, a corporation, *et al.*

179 So. 685.
Opinion Filed March 2, 1938.

*John H. Carter* and *John H. Carter, Jr.,* for Appellant;
*H. H. Wells* and *James N. Daniel,* for Appellees.

PER CURIAM.—Chapter 8861, Acts of 1921, "created a Special Road and Bridge District Number One, of Washington County, Florida"; "created a Board of Bond Trustees to be composed of three (3) members"; and prescribed their "powers and duties"; and provided "that said Trustees shall each give a bond in some approved Surety Company authorized to do business in Florida, payable to the Governor of the State of Florida and his successors in office, in the sum of Five Thousand Dollars ($5,000.00), conditioned for the faithful performance of his duties."

The bill of complaint herein was brought by Fred P. Cone, as Governor of the State of Florida for the use and benefit of the Board of Bond Trustees of Special Road and Bridge District No. 1 of Washington County, Florida, a corporation, and the Board of Bond Trustees of Special Road and Bridge District No. 1 of Washington County, Florida, a corporation, against C. B. Dunn and Fidelity & Deposit Company of Maryland, a corporation.

It is in effect alleged that C. B. Dunn was appointed and qualified and served as one of the members of the Board of Bond Trustees of Special Road and Bridge District No. 1

of Washington County, Florida, from on or about August 29, 1921, until in July, 1935; that pursuant to the provisions of Chapter 8861, he gave bond with the defendant, Fidelity & Deposit Company of Maryland, a corporation, as surety thereon payable to Honorable Cary A. Hardee, then Governor of the State of Florida, and his successors in office, in the sum of Five Thousand Dollars conditioned as required by said Chapter 8861, for the term beginning July 1, 1921, and ending August 1, 1923, or until the successor of the said C. B. Dunn should be elected or appointed and qualified, a substantial copy being made a part of the bill of complaint; that during the said continuance in office of C. B. Dunn as a member of said Board, no new bond was ever made, but the said bond dated in 1921 was continued in full force and effect until the said C. B. Dunn went out of office on or about July 1, 1935; that the bond was continued in force by the payment of annual premiums of $25.00 thereon; that plaintiffs verily believe all of said annual payments of premiums were evidenced by the issue by the Fidelity & Deposit Company of Maryland of certificates designated Continuation Certificates, wherein and whereby said Fidelity & Deposit Company agreed each year, in consideration of the annual premium of $25.00 to continue said bond in force for the further period of a year, said continuation certificates being issued in the year 1923, and in each year thereafter until the year 1935, and thereby the said bond was kept in full force and effect until on or about July 1, 1935.

The bill of complaint further alleges:

"That the said bond is lost and has been lost for a long time prior to the filing of this suit without fault of the plaintiffs; that the copy hereto attached as an exhibit was obtained from the defendant, Fidelity & Deposit Company of Maryland; that diligent and reasonable search has been

made for said bond in the place where the same was last known to have been, and inquiry has been made of the persons last known to have had its custody, and reasonable and diligent search for said bond has been made at all places where it could reasonably be expected to be, and the plaintiffs have in good faith exhausted, in a reasonable degree, all sources of information and means of discovery which the nature of the case would suggest and which were accessible to them, all in an effort to find the said bond, but all without success, and the said bond is now lost. "That the plaintiffs have in their possession two of said continuation certificates, one dated July 1, 1923, extending said bond from the 1st day of July, 1923, to the 1st day of July, 1924, and one dated August 30, 1932, extending said bond from the 1st day of July, 1932, to the 1st day of July, 1933, but do not have any other continuation certificates; that the plaintiffs believe that continuation certificates under the seal of said Fidelity & Deposit Company were issued for the other years subsequent to the original expiration date of said bond, but plaintiffs are without means to legally establish the fact that they were in fact issued each year. That although the plaintiffs do not have legal proof of the issuance of said continuation certificates for said other years between the date of said bond and the 1st day of July, 1935, yet plaintiffs have made diligent and reasonable search for such continuation certificates in an effort to find them if they were issued, and such search has been made in the places where the said continuation certificates would likely be if they had been issued and delivered, and inquiry has been made of the persons who would likely have knowledge of same and the plaintiffs have in good faith exhausted in a reasonable degree, all sources of information and means of discovery which the nature of the case would

naturally suggest, and that were accessible to them, in an effort to find such certificates if same were issued;

"That the condition of the said bond was and has been breached and that the said C. B. Dunn failed to well and faithfully perform all and singular the duties incumbent upon him as a member of the Board of Bond Trustees for Special Road and Bridge District No. 1 of Washington County, Florida, a corporation, to the damage of the said Board of Bond Trustees in this," (particulars stated);

"That Fred P. Cone, as Governor of the State of Florida, is successor in office of Cary A. Hardee named as the obligee in said bond; that the name of the attorney in fact who executed said bond for the surety thereon is unknown to the plaintiff, and if there were any witnesses to the signatures of said bond, their names are also unknown to the plaintiff; that for lack of knowledge and information the plaintiffs are unable to attach copies of said continuation certificates which are not in the possession of the plaintiffs;

"That neither the principal nor the surety on said bond has paid any sum whatever to the plaintiffs, or either of them, on account of the breach of the condition of said bond, and no payment of any kind has been made on said bond by either of the defendants, and the plaintiffs are unable to enforce the obligation of said bond except by resort to the Courts.

"That the plaintiffs are not able to maintain any action at law on said bond because they do not have in their possession or under their control any of said continuation certificates, except as alleged in this bill of complaint, and do not have in their possession or under their control any copies of same, and on account of lack of information as to the exact contents of such continuation certificates, if same were issued and delivered, the plaintiffs are unable to make any copies thereof; that the said continuation cer-.

tificates whereby the said bond was kept in force continuously down to and including the time in which the loss of the deposit in said bank occurred are material, relevant and beneficial evidence for the plaintiffs and would be indispensable proof of any action on said bond and without same plaintiffs would not have sufficient evidence to establish a cause of action; that the plaintiffs do not have any evidence admissible in a Court of law that the said continuation certificates were actually issued, except as to two of said certificates as alleged herein, but the plaintiffs aver that it is the practice and custom of the defendants' surety to issue said continuation certificates from year to year instead of executing new bonds in all cases in which the continuation and extension of an old bond is sufficient to meet the needs of the case, and the plaintiffs aver that the annual premiums on the bond involved in this suit were regularly paid each year from the time the said bond was executed down to the time the said C. B. Dunn ceased to be a member of said Board of Bond Trustees, and it was the duty of the defendant surety to issue such continuation certificates for each of said years for which premiums were paid and the plaintiffs verily believe that they were executed and issued, and the defendant surety, by its records in its possession and control can show whether or not said continuation certificates were issued and delivered.

"If any of said continuation certificates were issued, they were lost without fault of the plaintiffs; that the facts as to which discovery is herein prayed are not within plaintiffs' knowledge and plaintiffs have no other means of ascertaining and proving same other than by discovery pursuant to the prayer of this amended bill; that all of the facts, including the facts alleged to be unknown to the plaintiffs, can be proved by proper discovery and plaintiffs can-

not safely proceed to trial without the discovery sought herein."

An amendment to the bill alleges:

"That after the filing of the amended bill of complaint herein and after the filing by the defendant, Fidelity & Deposit Company of Maryland, of a motion to dismiss same, the plaintiffs made demand upon the defendant, Fidelity & Deposit Company of Maryland, through its solicitors in this cause, Messrs. John H. Carter and John H. Carter, Jr., that the said defendant furnish to the plaintiffs certain information which was requested in writing; that the said information so requested was as to whether or not the bond described in the amended bill of complaint was in force during the year 1931, and if so, whether or not that fact was evidenced by the issuance of a writing known as a continuation certificate; and, whether or not said bond had been in force for any period since 1931, and if so, were any continuation certificates issued evidencing the fact that said bond was being continued in force. That the plaintiff also requested that the said defendant furnish to plaintiff a copy of such continuation certificates if same were issued and that if any such certificates were issued and copies could not be furnished, to give the dates and the periods covered by such certificates. That after making request for such information as aforesaid the plaintiffs were advised by said attorneys for Fidelity & Deposit Company of Maryland that it would be against the policy of said defendant to answer such questions, and the plaintiffs say that said defendant, Fidelity & Deposit Company of Maryland, has failed and refused to answer said inquiries or to give any information concerning the existence, date, or contents of any continuation certificates.

The prayer is for discovery and for relief by decree for amount due for breach of the official bond.

On motions made, the bill of complaint was dismissed as to the defendant, C. B. Dunn, and dismissal was denied as to the defendant, Fidelity & Deposit Company of Maryland, which latter defendant appealed.

Appellant presents the following questions for discussion:

"(1) Whether a bill in chancery will lie for discovery of facts to enable a plaintiff to maintain an action on a purely money obligation where there is no property right to be protected.

"(2) If a bill for such discovery will lie, will the discovery be granted only to the extent that may furnish evidence for an action at law, or will equity make the discovery and give the remedy at law without sending the plaintiff to the law side of the court for his final judgment upon a trial by jury?

"(3) May a nominal plaintiff sue for a use plaintiff and join the use plaintiff in its own right? Who recovers the judgment in such case,"

"Equity jurisdiction for discovery and relief in proper cases touching lost written instruments is as old as equity itself. Sto. Eq. Jur. Secs. 79, 84; Whitfield v. Fausset, 1 Ves. Sr. 392; Blight's Heirs v. Banks, 6 T. B. Monroe, 192; Pom. Eq. Jr. Sec. 1376, note 3; Campbell v. Sheldon, 13 Pick. 8. * * *

"If the bill be for discovery, containing the averments essential to a bill of that sort, and the discovery is had showing facts that warrant relief in equity or at law, the court having obtained jurisdiction of the cause may award such relief as well as proper for courts of equity to grant, if relief as well as discovery be prayed for in the bill. Stor. Eq. Jr. Secs 71, 72; Russell v. Clarke's Ex'rs, 7 Cranch, 69.

"* * * to obtain jurisdiction for relief in equity, over a cause purely legal, upon the ground of discovery, the bill must aver that the facts sought to be discovered are material to the cause of action, and that the orator has no means of proving them in a court of law, and that the discovery of them by respondent is indispensable as proof. Pom. Eq. Jur. Sec. 229; Stor. Eq. Jur. Sec. 74, and cases cited."

"Where a bill for discovery and relief, seeking to withdraw from a court of law a matter of strict legal cognizance, shows that the discovery sought is indispensable to the ends of justice and that the facts as to which a discovery is sought cannot be proved otherwise than by defendant's answer it will be entertained." 18 C. J. 1061.

The bill of complaint prays for discovery and relief, and the supporting allegations are sufficient for the introduction of evidence that the papers were lost without the fault of the plaintiffs and that the evidence sought by discovery is essential to plaintiffs' cause of action and cannot be otherwise procured. If at the trial amendments to meet the proofs are necessary, they may be applied for and granted that justice and equity may be administered by due course of law. See Lancy v. Randlett, 80 Maine 169, 176, 13 Atl. 687, 6 Am. St. Rep. 169. See also Campbell v. Knight, 92 Fla. 246, 109 So. 577; Gill v. Smith, 117 Fla. 176, 157 So. 657; First Nat Bank of Miami v. Dade-Broward Co., 125 Fla. 594, 171 So. 510.

This is a proper case for discovery and relief.

Repetition or surplusage of parties plaintiff does not defeat the cause of action.

Affirmed.

ELLIS, C. J., and WHITFIELD, TERRELL, BROWN, BUFORD and CHAPMAN, J. J., concur.