FIDELITY & DEPOSIT COMPANY OF MARYLAND v. BOARD OF BOND TRUSTEES OF SPECIAL ROAD AND BRIDGE DISTRICT No. 1 OF WASHINGTON COUNTY.

190 So. 480.
Division A
Opinion Filed June 30, 1939

*John H. Carter* and *John H. Carter, Jr.,* for Appellant; *H. H. Wells* and *James N. Daniel,* for Appellees.

BUFORD, J.—The appeal is from an order striking the answer to the bill of complaint. A companion case was before this Court in Fidelity & Deposit Company of Maryland v. Cone, etc., 131 Fla. 608, 179 So. 685.

The pertinent allegations of the bill of complaint were set forth in our former opinion and the law applicable to this case insofar as the sufficiency of the bill of complaint to state a cause for discovery and relief, was settled by the opinion and judgment then rendered.

It is not necessary for us to again delineate the allegations of the bill of complaint. It appears, however, that after the mandate went down on the former appeal, amended bill of complaint was filed. The effect of the amendments was merely to strengthen what had been alleged in the original bill of complaint and, if anything, to make a stronger case for the relief prayed.

Appellant poses four questions for our consideration, as follows:

"1. Where a bill in equity for discovery of documents is based upon the loss of the documents without the fault of the plaintiff, and that the facts are not within plaintiff's

knowledge and plaintiff has no other means of ascertaining and proving same than by discovery from the defendant, is the answer of the defendant denying all and singular the allegations of the bill in respect to or to the allegations that the documents were lost without fault of the defendant, and alleging that they were lost by the plaintiff or its secretary who was wholly at fault, and that the defendant was without fault, and nowise contributed to the alleged loss, subject to motion to strike?"

"2. Where a bill for discovery of certain facts alleged to be without the knowledge of the plaintiff, but within the knowledge of the defendant, and the defendant answers, denying that it has any knowledge whatsoever peculiarly within its knowledge that is not available to the plaintiff in an action at law as fully and to the same extent and of the same character as sought by discovery by the bill, subject to motion to strike?"

"3. Where a fidelity bond given by a Road and Bridge District Trustee carries condition for the faithful discharge of the Trust confided to him and that he should pay over and duly account for all such sums of money as might come to his hands by virtue of such trust, with a special condition that the sureties shall not be liable for any loss caused by the failure of any bank to pay or properly account for any money placed on deposit by or for the trustee as such, or in any other capacity, and plaintiff in a suit on the bond claims loss of money deposited by it as a corporation in a bank to its credit as a corporation, is the surety liable by reason of the trustee having 'allowed the money to remain in the bank' without any security?"

"4. Where motion to strike an answer in chancery as a whole, and portions of the answer by sections, should the entire answer be stricken if any material portion of it, or of the sections is good?"

It appears to us that a negative answer to the third question eliminates the necessity of discussing the other questions.

Paragraph 1 of the answer pleads non-liability for the reason, as is alleged in that paragraph of the answer, that the bond given by the principal on which the defendant in the court below, appellant here, was surety was not in the form required by statute contains definite exceptions from liability and was not payable to the Governor and his successors in office but to the Board of Bond Trustees itself.

This defense appears to us to be a sufficient answer to the bill of complaint. See Carlton v. Constitution Indemnity Co., 117 Fla. 143, 157 So. 431.

The statute, Section 3, Chapter 8861, Special Acts 1921, *inter alia,* provides: "That said Trustees shall each give a bond in some approved Surety Company authorized to do business in Florida, payable to the Governor of the State of Florida and his successors in office, in the sum of Five Thousand Dollars ($5,000.00) conditioned for the faithful performance of his duties; the bonds so given to be approved by the Clerk of the Circuit Court of Washington County, Florida."

The bond in this case was given in lieu of the statutory bond. The condition of the bond is: "Now THEREFORE, the condition of this obligation is such that if the said Dallas D. Bass shall faithfully discharge the trust confided to him, and shall pay over and duly account for all such sums of money as may come into his hands by virtue of such trust, then this obligation to be void, otherwise to remain in full force and effect. IT IS UNDERSTOOD AND AGREED that this bond is given and accepted on the condition that the Surety shall in no way be held liable for any loss, costs, damages or expenses of any kind caused by the failure of any bank, institution or depository of any kind to pay, deliver over

or properly account for any money, moneys, papers, securities or property of any kind placed on deposit therein or in its custody by or for said Dallas D. Bass as such bond trustee or in any other capacity."

And so it is by the terms of the bond it was specially provided that the surety "shall in no way be held liable for any loss, costs, damages or expenses of any kind, caused by the failure of any bank, institution or depository of any kind to pay, deliver over or properly account for any money * * * placed on deposit therein or in its custody by or for the said Dallas D. Bass as such Bond Trustee, or in any other capacity," and, therefore, it excepted from the condition of the bond that "the said Dallas D. Bass shall faithfully discharge the duties confided in him and shall pay over and duly account for all such sums of money as may come into his hands by virtue of such trust," any loss occasioned by the failure of any bank to deliver over, or properly account for, any money deposited in such bank. The liability of the surety company is postulated on the allegations of paragraph 5 of the amended bill of complaint, which is as follows:

"That the condition of the said bond was and has been breached in that the said Dallas D. Bass failed to faithfully discharge the trust confided to him as a member of the Board of Bond Trustees for Special Road and Bridge District No. 1 of Washington County, Florida, a corporation, to the damage of the said Board of Bond Trustees in this, to-wit; as a member of said Board of Bond Trustees the said Dallas D. Bass at all times from and after the 10th day of December, 1930, knowingly permitted more than Twenty Thousand Dollars of the funds of said Board of Bond Trustees to be and remain on deposit in the Bank of Chipley, a banking corporation under the laws of the State of Florida, and a depository of said Board of Bond Trustees,

without requiring the said depository to give suitable security to protect the funds so deposited and without requiring the said depository to give any security whatever to protect the said funds; that the said funds were on deposit in said bank after the 10th day of December, 1930, with the knowledge, consent and acquiescence of the said Dallas D. Bass as a member of the said Board of Bond Trustees and without any protest from him and without any effort on his part to require any security therefor; that on or about the 14th day of October, 1931, the said depository became insolvent, closed its doors and suspended business and went into liquidation and its affairs are now being closed up by the liquidator appointed under the laws of Florida; that at the time the said bank suspended and closed as aforesaid the said Board of Bond Trustees had on deposit in said depository the sum of Twenty-six Thousand Five Hundred Ninety-five and 07/100 Dollars all of which was unsecured and unprotected as aforesaid; that the said Board of Bond Trustees has been able to collect dividends of thirty per cent of said deposit but has been unable to collect or realize any other or further sum or dividend thereon and said depository has failed and refused to pay the balance due on said deposit."

It is true that paragraph 6 of the bill of complaint is as follows:

"That the said loss caused by the failure and refusal of the said bank to pay the balance due on said deposit was and is not any loss on account of any money, moneys, papers, securities or property of any kind placed on deposit in said bank or in its custody by or for said Dallas D. Bass as said bond trustee or in any other capacity, but is for money of this plaintiff placed on deposit in said bank to its credit and for its account."

However, this appears to be an illogical conclusion of the pleader.

The allegations of paragraph 5 show that the loss was occasioned by the failure of the bank.

It is also true that the Board of Bond Trustees might have recouped its loss occasioned by the failure of the bank if the Board had required surety bonds to protect the funds deposited.

Paragraphs 2 and 3 of the answer allege:

"Defendant avers that the moneys alleged to have been lost to the plaintiff by and through the failure of the said Bank of Chipley were moneys which came to the custody or control of the said Board of Bond Trustees through its members including the said Dallas D. Bass and not to the Board as an entity capacitated to receive, control or handle funds otherwise than by and through the members of the Board of Bond Trustees, and that by the express terms of the said Dallas D. Bass' bond this defendant is not liable for such loss.

"If defendant should be mistaken in that, then it would further show that the alleged loss to the plaintiff of the fund deposited in said bank was caused by the failure of the plaintiff as a board, all members being responsible together and not one by himself to require security for the funds so deposited in the manner and to the extent required by the statute, and the plaintiff as a Board is responsible for its own loss."

So we must hold that the court committed error in striking the answer.

For the reasons stated, the order appealed from is reversed.

So ordered.

TERRELL, C. J., and THOMAS, J., concur.

WHITFIELD, J., concurs in opinion and judgment.

Justices BROWN and CHAPMAN not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.