M. Edward Verdi, Charles F. Gardner, Gardner & Verdi, Inc., a body corporate, and Verdi Bros., Inc., likewise a body corporate, complainants-respondents,

*v.*

Thornton W. Price, defendant-appellant.

[Submitted October term, 1941. Decided April 4th, 1941.]

Mr. *Frederick A. Pope,* for the appellant.

Messrs. *Collins & Corbin* (Mr. *Edward A. Markley* and Mr. *Raymond J. Lamb,* of counsel), for the respondents.

The opinion of the court was delivered by

HEHER, J.

Equitable jurisdiction over suits for the recovery of the amount due on lost bonds and other sealed instruments was originally grounded in the utter lack of a remedy at law, since profert of the instrument was requisite in an action at law thereon, and also in the faculty of equity to decree the provision of indemnity against loss to the defendant. And no action was maintainable at law upon a lost unsealed instrument, whether negotiable or nonnegotiable. The need for such indemnity seems also to have been the ground for equitable interposition in such cases. *Reeves* v. *Morgan, 48 N. J. Eq. 415; Moore* v. *Durnam, 63 N. J. Eq. 96; affirmed, 69 N. J. Eq. 828; Force* v. *City of Elizabeth, 27 N. J. Eq. 408; Motley* v. *Darling, 86 N. J. Eq. 185; Pom. Eq. Jur. (4th ed.)* §§ *831, 832; Story Eq. Jur. (14th ed.)* §§ *122-128.*

In early times, the loss or accidental destruction of a deed or sealed contract, like its alteration, was deemed a discharge, since the instrument was itself the obligation, and not merely evidence thereof; but courts of equity soon gave relief against the rigor of the law where there was a loss or destruction of the writing, and ultimately courts of law rendered equitable relief unnecessary by accepting secondary evidence of the deed and enforcing its provisions. Alteration was considered as due, "if not to wrongdoing, at least to laches of the obligee or grantee," and equity afforded no relief. *Williston on Contracts (Rev. ed.)* § *1884.* Now, the loss of a written instrument "only affects the rights of the parties in so far as it may occasion a difficulty of proof; but an exception to this rule exists in the case of bills of exchange and promissory notes. If the holder of the instrument lose it, he loses his rights under it, unless he offer to the party primarily liable upon it an indemnity against possible claims." *Anson on*

*Contracts* § *424.* See, also, *Savannah National Bank* v. *Haskins, 101 Mass. 370; Hansard* v. *Robinson, 7 B. & C. 90; Conflans Quarry Co.* v. *Parker, L. R. 3 P. C. 1.*

Though equity's jurisdiction to redress accidents is said to be "coeval with its existence," in its origin it was not, in consonance with fundamental principle, deemed to be concurrent where there was an adequate and certain remedy at law. *Pom. Eq. Jur.* (*4th ed.*) § *824.* For example, the "loss of a deed is not always a ground to come into a court of equity for relief; for if there was no more in the case, although he (the plaintiff) is intitled to have a discovery of that, whether lost or not, courts of law admit evidence of the loss of a deed, proving the existence of it and the contents, just as a court of equity does. There are two grounds to come into equity for relief, annexing an affidavit to his bill. First where the deed is destroyed or concealed by the defendant; and whenever that is the case, the plaintiff is intitled in this court to have relief upon the reason in Lord Hunsdon's case in Hob. Another is where the plaintiff cannot recover at law without making profert of the deed in pleading at law. If a man has lost a bond, he is intitled to come into equity not only for a discovery but to have a decree for payment; because he cannot declare without making profert, the defendant being intitled to oyer." *Whitfield* v. *Fausset, 1 Ves. 387, 392.* See, also, *3 Blk. Com. 431.* But, while the contents of a lost unrecorded deed are provable by parol in an action at law, equity may intervene to remove the resultant cloud upon the record title on the hypothesis that it subjects the title to hazard and peril not fully remediable at law. *Lancey* v. *Randlett, 80 Me. 169; 13 Atl. Rep. 686.* See, also, *Simmons Creek Coal Co.* v. *Doran, 142 U. S. 417; 12 S. Ct. 239; 35 L. Ed. 1063; Story Eq. Jur.* (*14th ed.*) § *125.*

These considerations do not obtain here. The case is not within the foregoing category. Complainants have a full and complete remedy at law, and there is no sufficient ground for equitable cognizance of the subject-matter. Discovery is not sought; nor is there any other ground for equitable intervention. Compare *Cornish* v. *Bryan, 10 N. J. Eq. 146; Motley* v. *Darling, supra.* Even the need of discovery would

not in itself warrant a change of forum as respects the subject-matter of the litigation. Equity jurisdiction for that purpose is merely auxiliary. *Capraro* v. *Propati, 127 N. J. Eq. 419*. Thus, there is no occasion here for the extension of this equitable jurisdiction to establish a lost instrument "to provide a complete defense to a defendant in an action at law," as complainants maintain.

It is not alleged that the contract, as written, did not express the common intention. Neither fraud in the consideration unavailable as a defense at law, nor any other equity, is asserted. The bill merely avers in this behalf that the "coal carburetor," the subject-matter of the contract, was "represented to be a simple foolproof and inexpensive device for the automatic production and control of heat in the form of an 'auxiliary unit readily installed in any size or type of coal-fired furnace or boiler,' " and capable of "(1) saving one-half of the cost of heating, (2) providing the convenience of much less attention," and "(3) affording the comfort of automatic heat control;" and that the "device did not perform the things" thus "represented" and "warranted." Plainly, these are defensive matters fully cognizable at law. And the same is true of the allegation of fraud in the assignment of the asserted cause of action to the defendant Price, under date of August 10th, 1931, in that it was executed and delivered "many years after the date shown upon its face" to enable Price "to make it appear that" the Coal Carburetor Company "had a cause of action against the defendants Gardner and Verdi as partners, whereas in fact, the sole cause of action of said company, if any, was against Verdi Bros., Inc." While its original jurisdiction in this regard remains unimpaired, equity will not take cognizance of a cause to prevent a multiplicity of suits or a circuity of action where, through joinder of parties and causes of action, the entire controversy may be speedily and effectually determined in one action at law. Our modern procedure affords an ample remedy in this regard. *Woodbridge* v. *DeAngelis, 125 N. J. Law 579*. Where there is concurrent jurisdiction of the subject-matter, equitable intervention rests in sound judicial discretion; and, where the primary right, interest or estate is legal, the court

which first takes actual cognizance of the controversy "ordinarily becomes thereby exclusive." *Capraro* v. *Propati, supra.*

The order is accordingly reversed, and the cause remanded with direction to dismiss the bill of complaint.

*For affirmance*—PARKER, BODINE, WOLFSKEIL, HAGUE, JJ. 4.

*For reversal*—THE CHIEF-JUSTICE, CASE, DONGES, HEHER, PERSKIE, PORTER, DEAR, WELLS, RAFFERTY, JJ. 9.